Jesse W. GREEN and Linda
Green, Plaintiffs,

v.

MAPCO PETROLEUM, INC.,
Defendant.

No. 89–2709–TUA.

United States District Court,
W.D. Tennessee, W.D.

Dec. 26, 1990.

Kathleen L. Caldwell, Memphis, for plaintiffs.

Jonathan E. Kaplan, Memphis, Tenn., for defendant.

## ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, FOR CERTIFICATION OF THE COURT'S SEPTEMBER 27, 1990 ORDER UNDER 28 U.S.C. § 1292(b)

TURNER, District Judge.

This case was originally filed in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis on July 7, 1989. Accompanying the complaint was a summons prepared by plaintiffs' attorney in which Ronald L. Coleman is designated as agent for service of process of Mapco Petroleum, Inc., the defendant. On July 24, 1989, the summons and complaint were served by the Shelby County Sheriff's Department on Mr. Coleman at his office after plaintiffs' counsel was informed by the office of the Tennessee Secretary of State that Mr. Coleman was agent for service of process for the defendant.

Ronald L. Coleman is not now and has never been the registered agent for service of process for defendant Mapco Petroleum, Inc.; rather, he is the registered agent for Mapco, Inc., a private, closely-held real estate investment corporation that is unrelated to defendant Mapco Petroleum, Inc. However, the defendant's parent's name is also Mapco, Inc.

Mr. Coleman's affidavit was filed in this proceeding in which he explains that on July 24, 1989, he called the offices of Kathleen L. Caldwell, plaintiffs' attorney of record, and left a message for her informing her that he was not the registered agent for service of process for Mapco Petroleum, Inc. The same day, Coleman wrote plaintiffs' attorney a letter in which he likewise informed her that he was not the registered agent for service of process for Mapco Petroleum, Inc. Plaintiffs' counsel did not receive the telephone message or the letter.

At the same time that the plaintiffs filed this complaint, plaintiffs' attorney sent a courtesy copy of the complaint to the defendant's present attorneys who also represented the defendant in other matters of which plaintiffs' counsel was aware.

On August 4, 1989, defendant removed this case to the United States District Court for the Western District of Tennessee on the basis of diversity jurisdiction. In the notice of removal, the defendant stated: "Defendant has not yet been properly served with a copy of the Complaint and Summons in the above-referenced action, although Defendant's attorneys were notified of this action by Plaintiffs' attorneys."

On September 25, 1989, defendant filed its answer to the complaint where, as its fourth affirmative defense, the defendant stated: "Defendant avers that Plaintiffs have failed to effectuate proper service of their Complaint upon Defendant, as required by Rule 4 of the Federal Rules of Civil Procedure."

Thereafter, the plaintiffs' and defendant's attorneys engaged in multiple conversations concerning the possible settlement of the case, as well as the consolidation for settlement purposes of at least one and possibly two other cases involving the plaintiffs and the defendant. At no time during these conversations did defense counsel ever explain to plaintiffs' counsel that service on Mr. Coleman was not service on their client, Mapco Petroleum, Inc. The defendant had, however, discovered the fact of service upon Mr. Coleman when it checked in the Circuit Court Clerk's office for a return of service and then contacted Mr. Coleman personally.

No motion of any kind was made to dispose of the fourth affirmative defense

raised by the defendant until August 30, 1990, more than a year after the filing of the original complaint, when defendant moved to dismiss the complaint on the basis that plaintiffs had failed to effectuate proper and timely service of the summons, as required by Rule 4(j) of the Federal Rules of Civil Procedure, and that plaintiffs could not show good cause for their failure to serve the summons and complaint in a timely fashion. After the motion was briefed by all parties, this court denied the motion in an order entered September 27, 1990, wherein it was noted that not only had the defendant been fully aware of the litigation since shortly after its filing but, on September 14, 1989, the defendant agreed that its answer or other responsive pleading was due to be served on or before September 11, 1989, which appeared to the court to be somewhat of a statement that defendant was of the opinion that proper service had been effectuated upon the defendant. The court indicated that defendant's lack of specificity in its fourth affirmative defense was sufficient to explain plaintiffs' excusable neglect in verifying the validity of the service and further noted that progress of this suit had not been stayed in any way by the incorrect service of process. The court therefore found good cause to excuse untimely and improper service of process under Rule 4(j).

Defendant, unsatisfied that it was unable to obtain a dismissal of this case without any resolution of the issues on the merits, filed a lengthy motion for reconsideration and memorandum in support thereof in which the defendant argues that the court's order was founded on erroneous findings of fact, was contrary to reported case law, failed to explain its departure from well-established precedent, and was made prior to the submission of defendant's reply memorandum.[1] The defendant also moved in the alternative for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Following a response from the plaintiffs' attorney, this matter was set for oral argument which was heard on December 14, 1990.

As defendant points out in its memorandum, a Rule 4(j) dismissal ordinarily is without prejudice; however, in this case defendant contends that, during the year after the case was filed and before defendant filed its Motion to Dismiss, the underlying statute of limitations expired on plaintiffs' cause of action and that therefore dismissal of the complaint even without prejudice would effectively bar plaintiffs from refiling any action against defendant based on the claims stated in their complaint. Tennessee has a savings statute, *Tenn.Code Ann.* § 28-1-105, that allows the refiling of an action within one year when a disposition is made without resolution of the substantive issues, but defendant contends that a recent Sixth Circuit opinion will effectively preclude the application of Tennessee's savings statute in the event that plaintiffs elected to refile this action following a Rule 4(j) dismissal. The court makes no ruling here on these various arguments.

■ It is clear to the court that plaintiffs did not effectuate service of process on the defendant within 120 days, and therefore has technically violated Rule 4(j). It is just as clear to this court that the purposes of Rule 4(j) are to assist in the speedy resolution of lawsuits filed in the court rather than having the complaint sit idle while a plaintiff's attorney makes no attempt or insufficient attempts without good cause to obtain service on the defendant. That is not the case here. Plaintiffs immediately sought service on a person who has been appointed under the law of the State of Tennessee to serve as agent for service of process of an entity with the exact same name as the defendant's parent company. Moreover, plaintiffs' attorney stated that she contacted the Secretary of State of Tennessee and was advised by them that Ronald Coleman was the agent for service of process of the defendant Mapco Petroleum, Inc. Additionally, plain-

---

**1.** The rules of this court do not provide for the filing of a reply memorandum, although they are sometimes appropriate and therefore filed.

tiffs' counsel forwarded a complimentary copy of the complaint to defendant's attorneys. The lawsuit has moved forward promptly and without any delays of significance. Defendant was made aware of the proceeding almost immediately and responded within 30 days by removing the case to this court. The defendant, rather than file a motion to dismiss because service of process had not been effected upon it, elected to file an answer raising that defense as an affirmative defense in its answer and there, rather than stating that service of process had not been effected upon it at all, indicated that "proper service" had not been effected upon it, thereby leading the reader to assume that service had been effected in some fashion upon the defendant. Plaintiffs' counsel has explained that she thought defendant's denial of proper service of process referred to the fact that she had sent a complimentary copy of the complaint to defendant's lawyers when she initially filed the complaint.

Thereafter, during many conversations and the passage of nearly one year, no mention was made by defendant concerning the failure of the plaintiffs to effect service on the defendant. As soon, however, as one year had passed from the filing of the original complaint in the Circuit Court, defendant filed a motion seeking to dispose of this case under Rule 4(j), apparently feeling comfortable that recent Sixth Circuit authority would preclude the refiling of this action under Tennessee's savings statute.

█ It is apparent to the court that defendant's attorneys made every effort to avoid directly informing the plaintiffs of the fact that no service had been effected upon the defendant. Although defendant was not required to answer the complaint since no service had been effected upon it, defendant actually obtained two extensions of time to respond to the complaint, in one of which defendant actually referred to its answer being due on September 11, 1989. Thereafter, defendant did file an answer but apparently intentionally decided not to raise the lack of service defense in a mo-

tion which would have addressed the issue long before there would be any argument that plaintiffs were precluded from refiling the case. After the filing of the answer, no mention was made at all to plaintiffs' attorney of the fact that service had not been effected despite numerous telephone communications between the parties. It is clear to the court that defendant's attorneys hoped with the passage of time to put this case in a technical position where the matter would be effectively dismissed with prejudice for failure of the plaintiffs to have effected service of process rather than to cure the problem of lack of process. The method used was to raise the defense of insufficiency of proper service of process with the vague, somewhat confusing, language that "Plaintiffs have failed to effectuate proper service of their Complaint" rather than to directly answer that no service of process had been effected on the defendant. Defendant's attorney stated in open court that he felt it was his ethical obligation to go forward with his representation of his client in this fashion if it would result in the dismissal of the case. This court disagrees. Zealous representation of a client does not require deliberate efforts to conceal technical defaults by the use of obfuscatory pleadings. Undoubtedly plaintiffs' attorney was less than attentive to this affirmative defense raised by the defendant, but given the active ongoing nature of the case and her lack of knowledge of Mr. Coleman's non-agency, as well as the vagueness of the language used in the answer, her inaction, while not appropriate, is explained.

The issue of lack of service was clearly known to the defendant and there were many avenues for its immediate presentation and resolution before the court. Justice does not require that parties sit on their vaguely worded defenses in an effort to have time pass so that no possible solution on the merits is available to the parties because of technical defenses that might easily have been resolved at other times without such drastic consequences of dismissal, in effect with prejudice.

The court notes that service has now been effected upon the defendant. The

court further notes that no prejudice of any kind has occurred to the defendant as a result of the failure to effect service during the 120–day period contained within Rule 4(j).

The essence of the question presented here is whether good cause has been shown by plaintiffs' attorney for failing to effect service of process within 120 days. Although plaintiffs' attorney might well have taken the time to study the answer more carefully and to consider the question that was raised by the defendant's fourth affirmative defense, the court is cognizant of the fact that Rule 12 defenses have been in the past frequently raised by lawyers without a strong factual basis. Although this court will not accept unsupported assertions of defenses, the fact that historically such defenses have been raised in an abundance of caution by defendants who are required to answer a complaint within days after its filing gives credence to the plaintiffs' attorney's explanation that she simply felt the defendant's attorneys had received the complimentary copy which she had mailed to them and had not yet received word of formal service of process, which she thought she had effected.

This court believes that Rule 4(j) should be construed liberally with a view to the just disposition of every action just as the other rules of civil procedure are. It believes that these facts as stated herein and further as stated by this court during its oral ruling of December 14, 1990, reflect good cause on the part of plaintiffs' attorney and the court finds that under the totality of the circumstances good cause has been shown for the plaintiffs' failure to effect service of process within the time limit set forth in Rule 4(j).

 In the alternative, the defendant has requested the inclusion of the necessary findings to allow initiation of an appeal pursuant to 28 U.S.C. § 1292(b). The court concurs. Because there is a question of whether Tennessee's savings statute would apply and would allow the refiling of this complaint in the event that this case was dismissed under Rule 4(j), this ruling, if reversed, might well result in the termination of this case without trial. Therefore, a controlling question of law is involved and there is substantial ground for difference of opinion with respect to the resolution of that question of law. An immediate appeal may, if this court is reversed, materially advance the ultimate termination of this litigation without further proceedings.

The Motion to Reconsider is granted. The Motion to Dismiss is once again denied. Certification of this order under 28 U.S.C. § 1292(b) is granted.

IT IS SO ORDERED.