Lynn MARTIN, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

Robert J. MILLS, Margie Mills, ABC Home Health Services, Inc., and ABC Home Health Services, Inc. Employee Stock Ownership Plan, Defendants.

Civ. A. No. 291–26.

United States District Court, S.D. Georgia, Brunswick Division.

Aug. 9, 1991.

William H. Berger, Office of the Solicitor, U.S. Dept. of Labor, Atlanta, Ga., for plaintiff.

H. Wayne Phears, Norcross, Ga., J. Thomas Whelchel, Brunswick, Ga., Joseph D. Young, Norcorss, Ga., James A. Bishop, Brunswick, Ga., for defendants.

## ORDER

ALAIMO, Senior District Judge.

Plaintiff initiated this action under the Employee Retirement Income Security Act of 1974 (ERISA). She filed suit on January 30, 1991. Defendants have brought this motion to dismiss alleging that plaintiff has failed to effect timely service on them.

Plaintiff contends that she mailed service of the complaint and summons, together with copies of a Notice and Acknowledgement of Receipt of Summons and Complaint and return envelope, to each defendant on February 8, 1991. Defendants deny that they received any such notice; and they claim that, when service was later made on them, the Notice and Acknowledgement form was not included. Now that the mystery has unfolded, the Court finds that, although service was inadequate, plaintiff has demonstrated good cause as to why she has not timely served defendants. The answer lies in what the Court believes to be defendants' conspiratorial evasion of service.

The record shows that, as early as January 31, 1991, two notices to take depositions on behalf of defendant were filed with this Court. Thereafter, on February

19 and 26, two more notices were sent. Also on February 26, defendants moved for a protective order. Then, on March 11, one of the current attorneys for defendant filed a motion to be admitted to this Court *pro hac vice*. On March 15, more notices to take depositions were sent. Later, on April 1, another of defendants' attorneys sought admission into the Southern District of Georgia. He was admitted *pro hac vice* on April 3, 1991.

It was not until April 12, 1991, nearly two months after service of the original complaint, that defendants filed their answer to the complaint. The answer did not mention insufficiency of service. The only contention with regard to insufficient service was defendants' contention that one of them was improperly *named*. An amended answer was then filed on May 2, 1991. It was not until that answer was filed that defendants contended that they had not been served properly. Soon thereafter, on May 8, 1991, plaintiff filed a motion for leave to file an amended complaint and to amend and re-serve process. However, according to her brief, the purpose of the renewed complaint was only to correct the name of a party that was already in the case as a defendant. Nevertheless, by Order on May 29, 1991, plaintiff was granted leave to amend the complaint and amend and re-serve process on defendants' attorneys.

Service of the amended complaint was made on May 31, 1991, which was 121 days after the filing of the original complaint. On June 4, 1991, plaintiff moved to have service of the amended complaint deemed timely. Plaintiff alleges that part of the reason why the service may have been untimely, assuming the Court so found, was due to the failure of defendants to raise the defense until their amended response to the original complaint. Plaintiff further alleges that defendants' active engagement in the lawsuit lulled it into the belief that service had been adequate. So, when plaintiff received the amended answer on May 6, 1991, she promptly sought to amend the complaint and have it re-served.

■ Defendants answered the amended complaint on June 17, 1991. Subsequently, they moved for reconsideration and clarification of the Magistrate's Order allowing plaintiff to amend the complaint. Simultaneously, they moved for the dismissal of the complaint due to lack of proper service. Both motions will be denied. With regard to the motion for reconsideration, it is apparent that defendants seek only to achieve a wording change. Because the changes they seek do not make a difference in the effect of the Order, they are irrelevant.

■ With regard to the motion to dismiss, the Court bases its conclusion on two interrelated reasons. First, the Court believes that plaintiff has evidenced good cause for her failure to timely serve defendants. Second, the Court believes that the good cause qualification is met because: (1) defendants became actively involved in the lawsuit, thereby waiving any claim of sufficiency of process, and (2) defendants utilized the procedures of this Court and the Federal Rules in such a way as to frustrate appropriate service of process.

■ The Court recognizes that, under Fed.R.Civ.P. 4(j), if service is not made within 120 days after the filing of the complaint, the action shall be dismissed as to that defendant without prejudice. The only exception to the Rule is "good cause." If the party on whose behalf the faulty service was made can show good cause as to why service was not made within the prescribed 120 days, then the Court need not dismiss the complaint. *See Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304 (5th Cir.1985). Unlike defendants, the Court believes that plaintiff acted in a diligent manner once it discovered that service had not been made properly.

The same cannot be said for defendants. After beginning to participate in the suit, defendants did not file their response to the suit until more than two months after the complaint was filed. Even then, defendants did not assert an insufficiency of process defense. Rather, they waited 20 more days to file an amended answer and include that defense. *See* Fed.R.Civ.P. 15(a) (allows for amendment of party's

pleading to which no response is required within 20 days after it is served, as a matter of course). Thus, it appears that defendants used the amendment process knowing that it would relate back to their original answer so as to prevent waiver of their defense based on Fed.R.Civ.P. 12(h). At the same time, the procedure enabled defendants to exhaust more of the 120–day period before making plaintiff aware of their contention that process was ineffective.

Based on this misuse of the federal rules, the Court finds the case cited by defendants, *Leonard v. Stuart–James Co., Inc.,* 742 F.Supp. 653 (N.D.Ga.1990), distinguishable. Although the Court recognizes that service of process is a jurisdictional requirement that must be pursued in good faith by the plaintiff, it is also something that should not be abused by the defendant as a means of evading a lawsuit. In *Leonard,* the defendant raised its defense of insufficient process in its motion to dismiss, its first responsive pleading. The court held that the defendant's failure to object previously was not noteworthy. The defendant was not served and the inference created by its past participation in the lawsuit was insignificant; the defendant had only participated in two relatively minor documents. *Id.* at 661–662.

Here, defendants did not raise the defense until their amended answer. Although the amended answer relates back to the original answer for purposes of defendants' assertion of their defense, given the subterfuge that the Court believes defendants have employed, it would be a grave injustice to plaintiff to deny her the opportunity to effect proper service. Added to this is the great amount of participation in the lawsuit in which defendants engaged before the defense was raised. Their involvement was not minimal but, instead, involved a vast amount of deposition taking and other motion participation. All of this occurred *before* defendants' assertion of the defense. As such, it is obvious that defendants wittingly led plaintiff to assume that service was proper. This case is, thus, distinguishable from those situations where the defendant proceeds in the case in the usual manner *after* raising the defense. When that occurs, there is no question that a plaintiff cannot contend that it was "duped" into believing the defendant would not press its defense. *See McDonald v. United States,* 898 F.2d 466 (5th Cir.1990). Such a ruling is certainly recognized, but inapplicable, here.

Once plaintiff became aware of the insufficiency, she had less than a month to comply. Within that month, she immediately responded with a motion to amend the complaint. Although it initially seemed that this motion only entailed the addition of a misnamed party, the practical effect of the request was to accomplish proper service. Plaintiff then had to wait for the Court's ruling before proceeding to effect service of the amended complaint. Perhaps plaintiff did not act in the best or most expeditious manner; however, it does not amount to simple neglect, inadvertence or ignorance of the rules.

Thus, the Court finds that there is good cause to excuse plaintiff's lack of timely service of process and, further, finds a waiver by the defendants regarding any defective service. Accordingly, defendants' motion to dismiss the complaint is DENIED. As previously mentioned, defendants' motion for reconsideration of the Magistrate's Order of May 29, 1991, is similarly DENIED.

SO ORDERED.