**Sheryl FAULKS, et al.**

v.

**Dr. Brenda CROWDER, et al.**

Court of Appeals of Tennessee,
Eastern Section, at Knoxville.

August 22, 2002 Session.

Sept. 5, 2002.

Permission to Appeal Denied by
Supreme Court Feb. 3, 2003.

David W. Blankenship, Kingsport, Tennessee, for Appellants Sheryl Faulks and Bruce Zabower, Parents and Next Kin of Madison Faulks–Zabower, deceased, Sheryl Faulks and Bruce Zabower.

Jimmie C. Miller and Nancy Eastridge, Kingsport, Tennessee, for Appellee Dr. Richard Reece.

Jeffrey M. Ward and Thomas J. Garland, Greeneville, Tennessee, for Appellee Dr. Brenda Crowder.

Charles T. Herndon, IV, Johnson City, Tennessee, for Appellee Dr. Robert Grindstaff.

M. Lacy West and Julia C. West, Kingsport, Tennessee, for Appellee Sycamore Shoals Hospital, Inc.

## OPINION

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and HERSCHEL P. FRANKS, J., joined.

When this medical malpractice suit was originally filed, counsel for Sheryl Faulks and Bruce Zabower ("Plaintiffs") instructed the court clerk not to have process served. Process was not reissued until approximately nine months later. When process was reissued and served via certified mail, Plaintiffs failed to comply with the requirements of Rule 4.03(2) pertaining to return of the service of process. Three of the four Defendants then were nonsuited, but a new lawsuit against these Defendants was filed. The lawsuits were consolidated. The three Defendants in the second lawsuit filed Motions to Dismiss based upon the running of the statute of limitations. The remaining Defendant in the original suit filed a Motion to Dismiss challenging the effectiveness of service of process. The Trial Court dismissed both Complaints based on Plaintiffs' failure to comply with Rule 4.03(2). We reverse and remand.

### Background

These two medical malpractice lawsuits assert a claim which accrued on or before November 5, 1996, the day Plaintiffs' five day old son died after being diagnosed with hypoplastic left heart syndrome. On October 31, 1997, Plaintiffs filed suit against Dr. Brenda Crowder ("Crowder"), Dr. Robert Grindstaff ("Grindstaff"), Dr. Richard Reece ("Reece"), Dr. James K. McGraw ("McGraw"), and Sycamore Shoals Hospital, Inc. ("Sycamore Shoals"). Along with the Complaint and five summonses, the attorney for Plaintiffs enclosed a cover letter to the court clerk stating they were "not seeking service at this time." As a result, the summonses were issued, but no attempt was made to serve the Complaint and summonses on Defendants. The attorney who filed the lawsuit later explained the reason service was not sought when the Complaint was filed was because he was having trouble obtaining a complete set of medical records and could not have the merits of the case evaluated until a complete set was obtained. He stated service of process never was sought while he was attorney of record.

On May 22, 1998, Crowder filed a motion to dismiss alleging ineffective and/or lack of service of process [1]. Crowder never had been served with process, per the instructions of Plaintiffs' counsel. Crowder apparently learned the lawsuit had been filed from an article in the local newspaper.

Plaintiffs' original attorney obtained different employment and withdrew from the case as attorney of record. The case was assigned to a different attorney in the same law firm. After new counsel took over the case, summonses were reissued for all five Defendants on July 23, 1998. Plaintiffs sought to serve Defendants via

---

1. Crowder also filed a motion for summary judgment and supporting affidavit claiming there was no genuine issue of material fact with regard to the allegations of medical malpractice. In response, Plaintiffs filed the affidavit of Dr. Robert Slotnick. Crowder's motion for summary judgment was denied and that ruling is not before us on appeal.

certified mail. With regard to the four individual Defendants, the return receipts for the certified mail were signed by someone other than the actual Defendant on July 28, 1998.[2] The return receipts showing who signed for the certified mail then were attached to a Motion to Non–Suit filed on July 28, 1998. In that motion, Plaintiffs sought to nonsuit all Defendants *except* Crowder. The motion states "Plaintiffs are serving a copy of the Motion for Non–Suit on each of the defendants pursuant to Rule 41 of the Tennessee Code of Civil Procedure." The Certificate of Service indicates only that a copy of the motion was being served on Defendants. An order granting the Motion to Non–Suit was entered on August 7, 1998, granting Plaintiffs a nonsuit pursuant to Rule 41.01 of the Tennessee Rules of Civil Procedure.

Since Crowder is the only remaining defendant in the original lawsuit, we will discuss what happened with this case separately until we discuss the Court's eventual dismissal of both lawsuits. On August 10, 1998, the Trial Court heard oral argument on Crowder's motion to dismiss based on the original summons that was filed but never served. The Trial Court orally denied Crowder's motion to dismiss after hearing argument from the parties, but an Order was never entered reflecting the Court's judgment. On August 25, 1998, Crowder filed an Answer claiming, among other things, that the statute of limitations had run because the action was not properly commenced within the applicable time limit. Crowder did not claim ineffective service of process as to the service of

process sent via certified mail on July 23, 1998. On September 11, 1998, Crowder refiled her motion for summary judgment asking the Trial Court to reconsider the previous denial of this motion. This second motion for summary judgment, as with the first, challenged only the lack of service when the suit was originally filed and did not address the July 23, 1998, reissuance of process and attempted service via certified mail.

On August 6, 1999, a new lawsuit was filed against Grindstaff, Reece, McGraw[3], and Sycamore Shoals. Grindstaff, Reece, and Sycamore Shoals filed separate motions to dismiss and/or for summary judgment, asserting the new complaint was not filed timely and was barred by the applicable statute of limitations. These Defendants essentially claimed the first lawsuit was never properly commenced, and, therefore, the statute of limitations was not tolled and the second lawsuit was filed too late. More specifically, it was asserted the time lapse between when the complaint was filed and when service was actually attempted rendered the service of process ineffective. These Defendants also claimed Plaintiffs failed to comply with Tenn. R. Civ. P. 4.03(2) in the original lawsuit for two reasons. First, there was no affidavit setting forth Plaintiffs' compliance with the rule. Second, the person accomplishing service did not endorse his or her signature on the original summons and provide the date of mailing the certified mail and the date of receipt. In Grindstaff's motion to dismiss, he further alleged service was ineffective because the

---

**2.** The returns are somewhat difficult to read. It appears that one or two Defendants may have been served on July 29, 1998. Whether these one or two Defendants were served on July 28 or July 29 is not pertinent to this appeal. For ease of reference only, we will assume the certified mail to each Defendant was signed for on July 28.

**3.** Plaintiffs attempted to serve the second complaint on Dr. McGraw through the Secretary of State. The Secretary of State could not accomplish service because Dr. McGraw had moved and left no forwarding address. It appears Dr. McGraw was never served with the second complaint and Plaintiffs eventually dismissed him from this lawsuit.

certified mail was served on someone other than Grindstaff himself. Sycamore Shoals alleged Plaintiffs failed to comply with Rule 4.03(2) in both the original and the second lawsuit.

The two lawsuits were consolidated. On May 5, 2000, Plaintiffs, who once again had obtained new counsel, responded to the various motions by filing a Rule 4.03(2) affidavit of their second attorney, the one who represented them when process was reissued in the first lawsuit and sent via certified mail in July of 1998. This affidavit pertained only to the process that was issued in July of 1998.[4]

The Judge who had orally denied Crowder's motion to dismiss in August of 1998 did not seek re-election. The pending motions were heard by Judge Jean A. Stanley, who stated because an Order was never entered after the hearing on August 10, 1998, "this Court has reconsidered Dr. Crowder's Motion to Dismiss at the same time as the other defendants." In February of 2000, Judge Stanley ruled on Defendants' argument that the nine month delay between the time the initial suit was filed in October of 1997 and when process was finally sent via certified mail in July of 1998 rendered this process ineffective for statute of limitations purposes. According to the Trial Court, Plaintiffs had one year in which to have process reissued, and since this occurred within one year of the initial filing of the Complaint, it was not ineffective based on the delay. Accordingly, the Trial Court refused to dismiss any of the Defendants on this basis.

Grindstaff, Reece, and Sycamore Shoals, however, also had filed motions to dismiss based on Plaintiffs' failure to comply with Rule 4.03(2). At the hearing in February 2000, the Trial Court reserved ruling on these issues and asked that these matters be briefed by the parties. After the issues were briefed by the parties, an Order was entered on June 22, 2000. In that Order, the Trial Court discussed the return of service made in July of 1998 in the first lawsuit, stating that "[a]ttached to each green card was the summons upon which was checked a space for service by certified mail but which contained no signature. It is undisputed that attorney Conway did not attach an affidavit." The Trial Court went on to conclude as follows:

> Rule 4.03 states that certain things *shall* be done. These include endorsement of the summons and filing of the affidavit of the person making service. The Rule does not state a time limit for the filing of such affidavit but the Court cannot believe that the law contemplates that such affidavit be filed almost two years after service by mail has been attempted. (emphasis in original).

The Trial Court then entered an Order granting the motions to dismiss of Grindstaff, Reece, and Sycamore Shoals "on the grounds of insufficient return of summons." Crowder quickly filed a motion to alter or amend the judgment or to make additional findings of fact. In this motion, Crowder asked the Trial Court to dismiss the lawsuit against her for same reason the second lawsuit against the other three Defendants was dismissed. Approximately three weeks later, on July 28, 2000, Crowder filed a Rule 12.02(5) motion to dismiss claiming the July 1998 process was ineffective for lack of a proper endorsement and because no affidavit had been filed. Plaintiffs responded by arguing, *inter alia*, the motion "comes too late. The

---

4. Although the second attorney also represented Plaintiffs when the new lawsuit was filed against Grindstaff, Reece, and Sycamore Shoals, it does not appear Plaintiffs attempted to file a Rule 4.03(2) affidavit with regard to any process that was sent via certified mail in the second lawsuit.

defendant Crowder has had every opportunity to file such a motion and failed to do so." The Trial Court granted Crowder's motion to dismiss. Plaintiffs appeal the dismissal of both lawsuits.

### Discussion

■ Our standard of review as to the granting of a motion to dismiss is set out in *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn.1997). In *Stein*, our Supreme Court explained:

A Rule 12.02(6), Tenn. R. Civ. P., motion to dismiss for failure to state a claim upon which relief can be granted tests only the legal sufficiency of the complaint, not the strength of a plaintiff's proof. Such a motion admits the truth of all relevant and material averments contained in the complaint, but asserts that such facts do not constitute a cause of action. In considering a motion to dismiss, courts should construe the complaint liberally in favor of the plaintiff, taking all allegations of fact as true, and deny the motion unless it appears that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Cook v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn.1994). In considering this appeal from the trial court's grant of the defendant's motion to dismiss, we take all allegations of fact in the plaintiff's complaint as true, and review the lower courts' legal conclusions *de novo* with no presumption of correctness. Tenn. R.App. P. 13(d); *Owens v. Truckstops of America*, 915 S.W.2d 420, 424 (Tenn. 1996); *Cook, supra.*

■ We first address the Trial Court's conclusion that none of the Defendants were entitled to dismissal on their claim that the July 1998 service of process was ineffective because it was not attempted for nine months after the original Complaint was filed. Defendants argue, *inter alia*, they were entitled to dismissal because the attorney who filed the lawsuit instructed the court clerk not to serve process and, thus, process was not issued "forthwith" as required by Rule 4.01. We recently addressed this very issue in *Stempa v. Walgreen Co.*, 70 S.W.3d 39 (Tenn. Ct.App.2001), which involved a strikingly similar situation. In *Stempa*, the plaintiffs filed their lawsuit on May 1, 1998. Immediately after filing the lawsuit, counsel for the plaintiffs instructed the court clerk not to issue any summonses "yet." No summonses were issued until April 29, 1999. *Id.* at 41. The trial court dismissed the complaint and the plaintiffs appealed, arguing their lawsuit was filed timely since the summonses were reissued within one year of the filing of the complaint. The applicable version of Tenn R. Civ P. 3 in *Stempa* provided that an action was "commenced" by filing a complaint with the clerk of the court. Rule 3 further provided, in relevant part, that "[i]f process remains unissued for 30 days or is not served or is not returned [5] within 30 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint." *Stempa*, 70 S.W.3d at 42. Notwithstanding the ill-advised actions of the attorney in instructing the court clerk not to issue any summonses, we concluded "because Plaintiffs had process issued within one year of the filing of the Complaint, they are entitled to rely on the

---

**5.** Effective July 1, 1998, Rule 3 was amended to delete the words "or is not returned." This amendment does not affect the clear applicability of *Stempa* to the present case.

original filing date to toll the running of the statute of limitations. Accordingly, their lawsuit was not subject to dismissal on that basis." *Id.* at 43.

In the present case, the original complaint was filed on October 31, 1997. Process was issued but was not served within 30 days. According to Rule 3, in order to rely upon the original commencement to toll the running of the statute of limitations, Plaintiffs had to continue the action by obtaining issuance of new process "within one year from issuance of the previous process." This was unquestionably accomplished when summonses were reissued on July 23, 1998. Applying our holding in *Stempa* to the facts in the present case, we conclude the Trial Court was correct in denying Defendants' motions to dismiss insofar as they claimed they were entitled to dismissal because service of process was not attempted until nine months after the complaint was filed.

■ Next, we address the Trial Court's conclusion that the July 1998 service of process was ineffective because Plaintiffs failed to comply with Rule 4.03(2). Plaintiffs argue Grindstaff, Reece, and Sycamore Shoals had time to challenge sufficiency of process in the first lawsuit before the nonsuit was entered and became final 30 days later. Since they did not avail themselves of this opportunity, Plaintiffs contend they are barred in the second lawsuit from challenging the sufficiency of process in the first lawsuit. We disagree. These Defendants were not served initially when the lawsuit was filed. The certified mail service was not received until July 28, 1998.[6] That very same day is when Plaintiffs filed the Motion to Non–Suit which was granted ten days later. It is nonsensical to require a defendant who was just served with process to file a motion to dismiss when the plaintiff sought to have the claim dismissed on the exact same day the defendant became aware of the lawsuit. In addition, the nonsuit was granted before these three Defendants were even required to respond to the Complaint. This argument is without merit.

Rule 4.03(2) provides as follows:

When process is served by mail, the original summons, endorsed as below; an affidavit of the person making service setting forth the person's compliance with the requirements of this rule; and, the return receipt *shall be sent to and filed by the clerk.* The person making service shall endorse over his or her signature on the original summons the date of mailing a certified copy of the summons and a copy of the complaint to the defendant and the date of receipt of return receipt from the defendant. If the return receipt is signed by the defendant, or by a person designated by Rule 4.04 or by statute, service on the defendant shall be complete. If not, service by mail may be attempted again or other methods authorized by these rules or by statute may be used. (emphasis added).

We recently addressed whether service of process is effective when no affidavit has been filed in accordance with Rule 4.03(2) in *Metzger v. Heritage Auto Outlet, LLC,* No. E2000–02221–COA–R9–CV (Tenn.Ct.App. Sept.18, 2001), 2001 WL 1089519, 2001 Tenn.App. LEXIS 690 (no Rule 11 app. for perm. to appeal filed). In *Metzger,* plaintiffs filed requests for admissions along with the complaint. Defendant did not respond to the requests for admissions within the time permitted by the

---

**6.** We express no opinion on whether this service was effective on the individual defendants because the persons who signed for the certified mail were not the actual named defendants.

rules, so the trial court deemed them to be admitted. We granted a Rule 9 interlocutory appeal. The issue on appeal was when the time in which to respond to the requests for admissions began to run since the plaintiffs did not file an affidavit in accordance with Rule 4.03(2). The defendant contended "that because the service of process was ineffective, not having been supported by an affidavit as required by Tenn. R. Civ. P. 4.03(2), time for responding to the request did not begin to run until the date [defendant] filed its answer, thus making a general appearance in the case." *Metzger*, 2001 Tenn.App. LEXIS 690 * 3. We agreed that process was not effective because no Rule 4.03(2) affidavit had been filed, held the responses were timely, reversed the trial court's judgment, and remanded for further proceedings. *Metzger*, 2001 Tenn.App. LEXIS 690 * 1.

■ We conclude Plaintiffs' failure to file a Rule 4.03(2) affidavit rendered the service of process ineffective, unless this defect was cured when the affidavit eventually was filed over one year and nine months later. Plaintiffs argue even if the July 1998 process would have been ineffective because no affidavit was filed, this defect was cured when the affidavit eventually was filed. As set forth above, the certified mail was received on July 28, 1998. The affidavit was not filed until May 5, 2000, over one year and nine months later. By the time the affidavit was filed, three of the four defendants had been nonsuited from the original lawsuit. Although Rule 4.03(2) does not set forth a specific time in which the affidavit must be filed, we hold the requirements of Rule

4.03(2) must be met within a reasonable time in order for process to be effective.

A similar situation was addressed by this Court in *Lasher v. Robertson*, No. 03A01–9402–CV–00075 (Tenn.Ct.App. Oct.24, 1994), 1994 WL 579972, 1994 Tenn. App. LEXIS 604 (perm. to appeal denied Mar. 6, 1995). In *Lasher*, the plaintiff filed suit against two defendants on April 8, 1991. When process was returned unserved, alias summonses were issued. The alias summonses were returned to the court on May 23, 1991, and July 2, 1991. Neither of the returns complied with the then existing version on Rule 4. Apparently, one defendant was not served at all and the other defendant was not served within thirty days. *Lasher*, 1994 Tenn.App. LEXIS 604 at ** 1, 2. After plaintiff sued and served his uninsured motorist carrier, the individual defendants filed motions to dismiss based on insufficient return of process. Plaintiff responded by filing an affidavit of the process server with the court in an attempt to comply with the requirements of Rule 4.[7] The affidavit was filed on July 8, 1993, approximately two years after service was attempted. The Trial Court held service of process was insufficient in accordance with Rule 4, and granted the defendants' motion to dismiss. On appeal, this Court affirmed the dismissal, stating:

> The Plaintiff asserts that the Trial Court could have exercised its discretion to allow proof of the service of process to be amended unless it clearly appeared that material prejudice would result to the substantial rights of the party against whom the process issued. The

---

7. The affidavit filed in *Lasher* was not a Rule 4.03(2) affidavit. The affidavit, which set forth the specifics of the service of process, was the plaintiff's attempt to set forth the information required by then existing Rules 4.01(2) and 4.03(1). This information should have been included in the return of service filed with the court two years previously. Although *Lasher* does not involve the late filing of a Rule 4.03(2) affidavit, it is nevertheless helpful because it addresses a plaintiff's belated attempt to comply with the requirements of Rule 4.

Plaintiff is correct that the Court is empowered to utilize its discretion in these matters. The Plaintiff neglects to recognize that the Court did exercise its discretion rejecting the Plaintiff's arguments.

*Lasher*, 1994 Tenn.App. LEXIS 604 at ** 9, 10.

In the present case, the Trial Court exercised its discretion when it concluded the Rule 4.03(2) affidavit came too late. We agree with the Trial Court, and hold that the filing of the Rule 4.03(2) affidavit over one year and nine months after service was attempted and a voluntary dismissal taken as to those Defendants is not within a reasonable amount of time, and we affirm the Trial Court's decision in this regard.[8]

Having concluded the service of process on July 28, 1998, was ineffective because of the failure to comply with Rule 4.03(2), we now must decide if this defect mandates dismissal of the various Defendants. Because the procedural aspects of the lawsuit against Crowder are different from those of the other Defendants, we will discuss her lawsuit separately. Plaintiffs contend Crowder waived any challenge to insufficiency of the July 1998 process. Crowder disagrees, claiming she did challenge the sufficiency of process and, even if she did not, Plaintiffs waived this argument by raising it for the first time on appeal.

Initially, we point out it was not until July 28, 2000, before Crowder filed her Rule 12.02(5) motion to dismiss based on insufficient return of the July 1998 process. Plaintiffs timely responded to this motion contending, among other things, the motion "comes too late. The defendant Crowder has had every opportunity to file such a motion and failed to do so." Although this argument was not addressed by the Trial Court, Plaintiffs timely raised this argument in the Trial Court and it was not waived.

Prior to filing the Rule 12.02(5) motion just discussed, Crowder had filed a motion to dismiss asserting she never was served with initial process. This motion was filed on May 22, 1998, and challenged Plaintiffs' failure to issue process when the lawsuit was filed. We have already determined that Plaintiffs complied with Rule 3 when they had process reissued on July 23, 1998. Two months after Crowder filed her first motion to dismiss, Plaintiffs had process reissued and attempted service via certified mail, but failed to comply with the requirements of Rule 4.03(2) regarding return of service. Crowder never filed a motion to dismiss challenging sufficiency of service or return of service with regard to the process reissued in July 1998. Her first motion challenged only the lack of service when the complaint originally was filed. Crowder filed her Answer on August 25, 1998. In her Answer, Crowder did not claim insufficient service and return of process as to the process that was reissued and returned to the Trial Court in July 1998. Crowder never raised this defense until she filed a motion to alter or amend the judgment on July 5, 2000, and again in her Rule 12.02(5) motion to dismiss filed on July 28, 2000, almost 2 years after the filing of her Answer.

Plaintiffs argue Crowder's Rule 12.02(5) motion comes too late, relying in large part

---

**8.** Because we conclude the failure to file the Rule 4.03(2) affidavit rendered service of process insufficient, we need not address whether the failure of the person accomplishing service to endorse his or her signature on the original summons and provide the date of mailing of the certified mail and the date of receipt was sufficient, in and of itself, to likewise render service ineffective. *See Lasher v. Robertson*, No. 03A01–9402–CV–00075 (Tenn. Ct.App. Oct.24, 1994), 1994 WL 579972, 1994 Tenn.App. LEXIS 604, *supra*.

on *Goodner v. Sass*, No. E2000–00837–COA–R3–CV (Tenn.Ct.App. Jan.16, 2001), 2001 WL 35969, 2001 Tenn.App. LEXIS 27 (no Rule 11 app. for perm. to appeal filed). In *Goodner*, the complaint was filed on May 5, 1998, but the defendant was not served until July 9, 1998. An alias summons was issued on July 16, 1998. The defendant filed an answer to the original complaint on July 28, 1998, raising as an affirmative defense the late service of process. On August 19, 1998, the defendant was served with the alias summons and complaint. After the parties engaged in discovery for over one year, defendants then filed a motion to dismiss claiming the alias service of process was untimely. The trial court granted the motion to dismiss. In reversing the dismissal of the complaint, we observed:

> The Tennessee Rules of Civil Procedure specifically address the defense of insufficient process. Rule 12.02 provides that this defense, among others, "shall be asserted in the responsive pleading," or "may at the option of the pleader be made by motion in writing." Rule 8 sets out the general rules of pleadings, which apply to the affirmative defenses, including insufficiency of process. Rule 8.03 requires that "a party shall set forth affirmatively facts in short and plain terms relied upon to constitute ... an avoidance or affirmative defense." The Rules of Civil Procedure also provide for the waiver of such a defense. Rule 12.08 states that "[a] party waives all defenses and objections which the party does not present either by motion as hereinabove provided, or, if the party has made no motion, in the party's answer or reply."

> As a general rule, defects in process, service of process, and return of service may be waived. The Tennessee Rules of Civil Procedure expressly state that where the issue is not raised properly, the defendant waives the objection. The failure of a defendant to challenge insufficiency of process in accordance with Rule 8.03 will constitute a waiver of the matter raised in a motion. *Barker v. Heekin Can Co.*, 804 S.W.2d 442 (Tenn. 1991), *accord: Goss v. Hutchins*, 751 S.W.2d 821 (Tenn.1988). It is also generally held that a defendant may also, by his conduct, be estopped to object that proper service was not made. See generally, 72 C.J.S *Process* § 99 (1987); 108 ALR Fed. 887 (19[92] ). Such conduct may include participating in discovery, *Martin v. Mills*, 138 F.R.D. 151, 153 (S.D.Ga.1991); *Federal Deposit Insurance Corp. v. Denson*, 139 F.R.D. 346, 348 (S.D.Miss.1990), in addition to failing to raise the issue of insufficiency of service clearly or with the necessary specificity. See *Barker* at 443, and *Green v. Mapco Petroleum, Inc.*, 133 F.R.D. 506 (W.D.Tenn.1990).

> Defendant adequately responded to the first service of process that was served late, by raising the issue in his Answer to the Plaintiffs' Complaint. However, due to this defect in service, the Plaintiffs issued an alias process, and upon service, the defendant did not timely respond to that summons and complaint. The parties engaged in discovery, and defendant waited until one year had passed before filing his motion for summary judgment, raising the issue of insufficiency of process. We hold that because defendant did not timely and adequately raise the issue of sufficiency of process, and instead engaged in discovery while waiting for the statute of limitations to run, [he] waived this defense and is estopped from raising the defense in his motion.

*Goodner*, 2001 Tenn.App. LEXIS 27 at ** 2–5. We went on to note that the answer was filed after the first service of process,

but before the second service of process. Therefore, the answer could not have addressed the second service of process. *Id.* at * 6. According to *Goodner*, the rules require a party to set forth affirmatively facts in short and plain terms which are being relied upon to constitute an avoidance or affirmative defense. *Id.* at ** 6–7. *See* Tenn. R. Civ. P. 8.03. This Court in *Goodner* then concluded if "the defendant wished to object to the second service of process, he was required to again comply with the Rules of Civil Procedure, which he failed to do." *Id.* at * 7.

In the present case, and in light of our opinion in *Goodner*, we conclude Crowder failed to raise timely any objection to the sufficiency of the service of process which occurred in July of 1998. Crowder's motion in May of 1998 could not have addressed the service attempted in July of 1998. If Crowder wished to object to the July 1998 service, she was required to comply with the Rules of Civil Procedure. By waiting to make her motion until July of 2000, after having answered the Complaint in August of 1998, she waived the affirmative defense of insufficiency of service and return of process as to the July 1998 service. Accordingly, we reverse the Trial Court's dismissal of the Complaint against Crowder based on insufficient return of service of process.

Unlike Crowder, Defendants Grindstaff, Reece, and Sycamore Shoals timely raised their defense to the July 1998 service of process. We previously concluded the Trial Court was correct when it held Plaintiffs' failure to comply with Rule 4.03(2) rendered the July 1998 service of process defective. What we must decide, then, is whether the Trial Court properly dismissed the Complaint against these Defendants based on this defective service of process resulting in the running of the statute of limitations before

Plaintiffs filed their second suit against these three Defendants.

After the Trial Court entered judgment dismissing Grindstaff, Reece, and Sycamore Shoals, our Supreme Court decided *Frye v. Blue Ridge Neuroscience Center, P.C.*, 70 S.W.3d 710 (Tenn.2002). In *Frye*, the issue presented to the Court and its resolution of this issue are as follows:

> We granted this appeal to determine whether process issued upon a second complaint satisfies Rule 3 of the Tennessee Rules of Civil Procedure when the plaintiff failed to serve process on the original complaint. After careful consideration of the Tennessee Rules of Civil Procedure and applicable case law, we hold that a plaintiff may rely upon the initial filing date to satisfy a statute of limitations if that plaintiff, having failed to issue or serve process within thirty days of filing the complaint, continues the action by issuing new process on the original complaint as required by Rule 3. In addition, a plaintiff may request a voluntary dismissal within the one-year time period under Rule 3, without having served process, and still rely on the original date of commencement to satisfy a statute of limitations if the plaintiff serves a copy of the Notice of Voluntary Dismissal and the complaint on the defendant as required by Rule 41.01. Because the plaintiff in this case failed to comply with either Rule 3 or Rule 41.01, the plaintiff may not rely on the filing date of the original complaint for purposes of satisfying the applicable one-year statute of limitations.

*Frye*, 70 S.W.3d at 711.

In both the present case and in *Frye*, there was ineffective service of process on a first complaint, a nonsuit, then the filing of a second complaint. Based on these facts and in accordance with *Frye*, in order for Plaintiffs in the present case to rely on

the original commencement of the first lawsuit to toll the running of the statute of limitations as to these three Defendants, one of two things must have occurred. First, Plaintiffs could have had process reissued in the *original* lawsuit in accordance with Rule 3. Plaintiffs never effectively served these three Defendants in the first lawsuit, but rather nonsuited the case and had process issued in the second lawsuit. Thus, in order to rely on the original commencement, in accordance with *Frye*, Plaintiffs must show that they nonsuited the first action within the one year time period provided in Rule 3 *and* they served a copy of the Notice of Voluntary Dismissal and the Complaint on these three Defendants. The record before us shows Plaintiffs nonsuited the first action within the one year period under Rule 3. Unfortunately, we cannot determine from the record whether Plaintiffs served both a copy of the Notice of Voluntary Dismissal and the Complaint on Defendants when the first lawsuit against these three Defendants was nonsuited as required by *Frye*. This issue was not addressed by the Trial Court which did not have the benefit of the *Frye* opinion at the time of its final judgment. We, therefore, reverse the granting of the motions to dismiss of Grindstaff, Reece, and Sycamore Shoals, and remand this case to the Trial Court for a determination as to whether Plaintiffs complied with Rule 41.01 in accordance with *Frye*.

There are two other issues raised on appeal. First, Grindstaff argues he is entitled to dismissal because the service in July of 1998 was ineffective for yet another reason, namely because it was served on someone other than Grindstaff himself. Second, Sycamore Shoals urges this Court to affirm dismissal of the lawsuit against them because Plaintiffs failed to file a Rule 4.03(2) affidavit in the second lawsuit. Depending upon the Trial Court's resolution of the remanded issue, these additional matters may or may not need to be addressed. In any event, these issues were not decided by the Trial Court due to its resolution of the other issues. We, therefore, express no opinion on these issues and remand them and any other remaining issues not decided by the Trial Court for further consideration by the Trial Court, as necessary.

### *Conclusion*

The Judgment of the Trial Court granting Defendants' motions to dismiss is reversed. This case is remanded to the Trial Court for further proceedings as necessary consistent with this opinion. Costs of appeal are taxed equally to the four Appellees, Dr. Richard Reece, Dr. Brenda Crowder, Dr. Robert Grindstaff, and Sycamore Shoals Hospital, Inc.