IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 25, 2006 Session

## TERRY R. CLAYTON, ET AL. v. CAMILLE M. HERNANDEZ

**Appeal from the Circuit Court for Davidson County**
**No. 02C-3233     Barbara Haynes, Judge**

_____

**No. M2005-01714-COA-R3-CV - Filed on September 28, 2006**

_____

Trial court granted dismissal for failure of service of process although defendant failed to raise the defense timely by motion or in her answer.  We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM B. CAIN, and FRANK G. CLEMENT, JR., JJ., joined.

Terry R. Clayton, Nashville, Tennessee, for the appellants Terry R. Clayton and Sheryl Clayton.

Sharon E. England, Franklin, Tennessee, for the appellee, Camille M. Hernandez.

### OPINION

In 2001, Mr. Clayton was involved in an automobile accident involving Ms. Hernandez.  As a result, Mr. and Mrs. Clayton sued Ms. Hernandez seeking to recover damages.  Attempts to serve the complaint on Ms. Hernandez were unsuccessful.  The Claytons then hired a private process server whose return of service provided "served to female that stated she was not [Ms. Hernandez], but she lived there.  Would not give name, however, seemed to know about summons."  Thereafter, in May of 2004, counsel for Ms. Hernandez filed a Notice of Appearance that provided as follows:

> Comes now . . . and hereby makes special appearance on behalf of [Ms. Hernandez], without waiving any rights or defenses pursuant to Rule 12 . . . including, but not limited to, lack of personal jurisdiction and failure of service of process.

The record does not show that any action was taken by counsel pursuant to this "special appearance."

In June of 2004, Ms. Hernandez filed an answer wherein she raised several affirmative defenses including failure to state a claim under Rule 12.02(6) of the Tennessee Rules of Civil

Procedure and the statute of limitations. Nowhere in Ms. Hernandez's answer did she raise a defense under Rule 12.02(2) or (5) alleging lack of jurisdiction over Ms. Hernandez or insufficiency of process.[1]  After filing her answer, counsel for Ms. Hernandez participated in a status conference, issued several subpoenas for Mr. Clayton's medical records, approved a scheduling order setting a trial date, took Mr. Clayton's deposition and otherwise participated fully in this litigation. Thereafter, in April of 2005, Ms. Hernandez filed a motion to dismiss based on failure of service of process.[2]  The trial court granted Ms. Hernandez's motion, and plaintiffs appeal.

The Claytons argue that dismissal was not appropriate since Ms. Hernandez submitted herself to the court's jurisdiction by filing an answer that did not raise insufficient service and participating in discovery.  Ms. Hernandez's counsel claims that the "special appearance" reserved the insufficient process defense.

Rule 12.02 provides that all defenses shall be asserted in the responsive pleading except that eight enumerated defenses, including insufficiency of service of process, may be made by motion. Rule 12.08 provides "A party waives all defenses . . . which the party does not present either by motion . . . or, if the party has made no motion, in the party's answer."  Furthermore, insufficiency of process may not be raised by amendment to the answer.  Rule 12.08.

> As a general rule, defects in process, service of process, and return of service may be waived.  The Tennessee Rules of Civil Procedure expressly state that where the issue is not raised properly, the defendant waives the objection.  The failure of a defendant to challenge insufficiency of process in accordance with Rule 8.03 will constitute a waiver of the matter raised in a motion.  It is also generally held that a defendant may also, by his conduct, be estopped to object that proper service was not made.  Such conduct may include participating in discovery, in addition to failing to raise the issue of insufficiency of service clearly or with the necessary specificity.

*Faulks v. Crowder*, 99 S.W.3d 116, 125 (Tenn. Ct. App. 2003) (internal citations omitted).

---

[1]We note the motion to dismiss later filed by Ms. Hernandez erroneously alleges that failure of service of process was raised as a defense in her answer: "Defendant filed answer by the undersigned attorney . . . .  The answer asserted as potential defenses lack of and failure of service of process."  The answer appearing in the record does not include that affirmative defense.  This same erroneous allegation was made by counsel for Ms. Hernandez in her Response to Plaintiff's Motion to Compel.

[2]On appeal, counsel for Ms. Hernandez states in her brief that her motion to dismiss was based on insufficient process and expiration of the limitations period.  That too is erroneous.  The motion relied solely on insufficiency of process or insufficiency of service of process.

The filing of the "special appearance" itself did not serve to waive the insufficiency of process defense since it was expressly reserved.[3] It put the court and plaintiff on notice that Ms. Hernandez was represented by counsel and that there may be questions about service. At that point Ms. Hernandez was free to file a motion to dismiss based on service of process or raise it in her answer unprejudiced by the notice of special appearance. However, when Ms. Hernandez did not pursue the defense by motion or raise it in her answer, then pursuant to Rule 12.08, the insufficiency of process defense was waived.

Counsel for Ms. Hernandez points to the fact that she raised the process issue in her Response to Plaintiff's Motion to Compel. This Response, however, was filed after the answer, and Rule 12.08 prohibits amendment to add this defense whether implicitly or otherwise. The defendant also relies on *Dye v. Murphy*, No. W2003-01521-COA-R3-CV, 2004 WL 350660 (Tenn. Ct. App. Feb. 25, 2004), which we do not find helpful to her position.

In *Dye*, the party filed a "special appearance" reserving all defenses. Thereafter, the party filed a motion for summary judgment raising a statute of limitations defense. There is no mention of an answer being filed. The court in *Dye* stated:

> Under Rule 12, although a special appearance is no longer required, a party who files a motion or responsive pleading but does not raise the defenses of personal jurisdiction, improper venue, insufficiency of process, and insufficiency of service of process is deemed to have waived those defenses.

*Id*., 2004 WL 350660, at *3, *citing* Robert Banks, Jr. and June F. Entman, TENNESSEE CIVIL PROCEDURE, § 5-6(a). The defense in *Dye* was properly raised by motion. As in this case, the "special appearance" did not waive any defense. The issue in *Dye* and here is whether the defense has been appropriately raised in either a pre-answer motion or the answer. In *Dye,* it was properly raised by motion. In our case, it was not raised in the answer or pre-answer motion and was therefore waived.

For the foregoing reasons, the trial court is reversed and the matter is remanded. Costs are assessed against the appellee, Camille M. Hernandez, for which process may issue if necessary.

---

PATRICIA J. COTTRELL, JUDGE

---

[3]Counsel for Ms. Hernandez appears to contend that by specifically reserving the service of process issue in her "special appearance," she has somehow obviated the need to comply with Rule 12's requirement that this defense be raised in the initial responsive pleading or motion filed before the responsive pleading. Such a contention is not supportable. First, a notice of appearance is not a responsive pleading. Second, simply stating the appearance does not "waive" any defenses does not constitute an assertion of such defenses.