IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 1, 2012 Session

# CHRISTY IRENE FAIR v. STEPHEN LYNN COCHRAN

**Appeal from the Circuit Court for Knox County**
**No. 1-624-09     Dale C. Workman, Judge**

---

**No. E2011-00831-COA-R3-CV -FILED - MARCH 30, 2012**

---

CHARLES D. SUSANO, JR., J., dissenting.

I agree completely with the majority that return of "proof of service to the court" 412 days after process was issued by the trial court clerk is hardly a "prompt[]" return of proof of service. I also agree – as I must – that such a delay in the return of proof of service violates the clear mandate of the first sentence of Tenn. R. Civ. P. 4.03(1): "The person serving the summons shall *promptly* make proof of service to the court . . ." (Emphasis added.)

Rule 4.03(1) does not expressly, or by clear implication, provide that a failure to "promptly" return proof of service of process to the court will prevent the filing of a complaint and the later proper service of process from "commenc[ing]" a civil action pursuant to Tenn. R. Civ. P. 3. I believe the result reached by the majority, *i.e.*, a failure to promptly return proof of service of process means the suit is not "commenced," is contrary to the holding in the *McNeary* case cited by the majority:

> Tennessee law is clear that commencement of an action is accomplished only when a complaint is filed and process is served.

*McNeary*, 2011 WL 863006 at \*8. To the extent that *Faulks v. Crowder*, 99 S.W.3d 116 (Tenn. Ct. App. 2002), by analogy, can be read to mean otherwise and to support the majority's conclusion, I disassociate myself from the holding in *Faulks*.

I would reverse the trial court's judgment. If the plaintiff can prove effective service of process, I believe her cause of action was commenced with the filing of complaint on

December 11, 2009. The failure to promptly return proof of service to the court may call into question whether the process was properly served but, as previously noted by me, a lack of promptness in the filing of the return, standing alone, does not, in my judgment, prevent the commencement of the suit.

       I respectfully dissent.

_____
CHARLES D. SUSANO, JR., JUDGE