IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 12, 2018 Session

## CARL ALLEN v. JOSEPH S. OZMENT

**Appeal from the Circuit Court for Shelby County**
**No. CT-002625-13  Jerry Stokes, Judge**

_____

### No. W2017-00887-COA-R3-CV

_____

Appellant appeals the dismissal of his legal malpractice claim, arguing that the affirmative defenses raised by the defendant attorney were waived. Because we conclude that the defendant attorney's affirmative defenses were not waived, we affirm the decision of the trial court

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which ARNOLD B. GOLDIN and KENNY ARMSTRONG, JJ., joined.

Carl Allen, Memphis, Tennessee, Pro se.

Stephen C. Barton and Patrick S. Quinn, Memphis, Tennessee, for the appellee, Joseph S. Ozment.

## OPINION

### Background

Plaintiff/Appellant Carl Allen hired Defendant/Appellee Joseph S. Ozment ("Attorney Ozment") to defend against certain criminal charges, the facts of which are not relevant to this appeal. The relationship terminated in June 2011.

On June 19, 2013, Mr. Allen filed a complaint alleging legal malpractice against Attorney Ozment.[1] Attorney Ozment was undisputedly served with process on January 12, 2015. On February 12, 2015, thirty-one days following service, Attorney Ozment filed a motion to dismiss and answer, raising the defenses of insufficient service of

---

[1] At all times throughout the pendency of this proceeding, Mr. Allen has been incarcerated.

process, insufficient process, and failure to state a claim. On March 30, 2015, Attorney Ozment filed a memorandum that provided additional factual support for his motion to dismiss.

A hearing on the motion to dismiss was set for July 9, 2015. The same day, an order was entered granting Attorney Ozment's motion to dismiss. Mr. Allen responded in opposition to the motion to dismiss on May 9, 2016. On the same day, Mr. Allen filed a motion to set aside a final order pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure.[2] On November 8, 2016, the trial court granted Mr. Allen's Rule 60.02 motion, ruling that Mr. Allen did not receive proper notice of the hearing on the motion. The trial court thereafter reset Attorney Ozment's motion to dismiss for hearing. A trial date was also set and Attorney Ozment thereafter propounded written discovery on Mr. Allen.

On November 23, 2016, Mr. Allen filed a motion for default judgment on the basis that Attorney Ozment's answer was untimely and that the answer did not state sufficient facts regarding the affirmative defenses. In response, on December 21, 2016, Attorney Ozment filed a motion to amend his answer to specifically include certain factual averments that had previously only been included in the memorandum filed following the answer. A few days later, Attorney Ozment filed a supplement to his motion to dismiss, a reply to Mr. Allen's previously filed response in opposition, and a response in opposition to the motion for default judgment. Mr. Allen responded in opposition to the motion to amend the answer on January 1, 2017.

A hearing was held on January 5, 2017. During the hearing, Mr. Allen presented an oral motion that Attorney Ozment waived his right to proceed on the motion to dismiss under an estoppel theory. On January 18, 2017, several things happened: (1) the trial court denied Mr. Allen's motion for default judgment; (2) the trial court denied Mr. Allen's oral motion regarding waiver; (3) the trial court granted Attorney Ozment's motion to amend the answer; and (4) an amended answer was filed by Attorney Ozment. On February 27, 2017, Mr. Allen filed a pleading entitled "Plaintiff's Written Responses to Arguments Presented by Defendant During his January 5, 2017 Hearing on Defendant's Motion to Dismiss."

A second hearing was scheduled for March 9, 2017, to resolve the pending motion to dismiss. Mr. Allen was present for this hearing and argued that the motion should not be granted due to violations of procedural rules applicable to answers and motion practice. The trial court ultimately again granted the motion to dismiss, ruling that the complaint was barred by the applicable statute of limitations and service of process on

---

[2] The record is not compiled correctly in this case. Although the initial order granting the motion to dismiss was filed in 2015, the technical record's table of contents recites that it was filed in 2016, following the filing of Mr. Allen's motion to set aside. As such, the record incorrectly places the order granting the motion to dismiss as filed subsequent to Mr. Allen's motion to set that order aside.

Attorney Ozment did not comply with Rule 3 of the Tennessee Rules of Civil Procedure.[3] After the denial of his post-trial motions, Mr. Allen appealed to this Court.

## Issues Presented

Mr. Allen raises a number of issues in this appeal, specifically:

1. Whether the trial court erred by granting Attorney Ozment's motion to dismiss when Attorney Ozment's failure to file his motion to dismiss and answer within thirty days of the January 12, 2015 service of the complaint and summons upon him constituted a waiver of his affirmative defenses raised therein.

2. Whether the trial court erred by failing to afford Mr. Allen an opportunity to present his argument in support of his motion for default judgment, although the trial court's written order denying such motion states its finding was based on the arguments of Mr. Allen and Attorney Ozment.

3. Whether the trial court erred by granting Attorney Ozment's motion to amend answer without affording Mr. Allen an opportunity to respond to Attorney Ozment's oral arguments in support of such motion, although the trial court's written order granting such motion states its finding was based on the arguments of Mr. Allen and Attorney Ozment.

4. Whether the trial court erred by granting Attorney Ozment's motion to dismiss when Attorney Ozment had waived his affirmative defenses by agreeing to a trial date and participating in discovery prior to his motion to dismiss and answer setting forth the facts with specificity and particularity support his affirmative defenses raised therein.

5. Whether the trial court erred by granting Attorney Ozment's motion to dismiss when Attorney Ozment had waived his affirmative defenses prior thereto by failing to file such motion with the required specificity and particularity before he filed his answer to the complaint.

---

[3] Rule 3 provides:

> All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved. If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

Based on the foregoing, we affirm the decision of the trial court.

## Standard of Review

This case was decided on a motion to dismiss. A motion to dismiss "challenges 'only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence.'" ***Phillips v. Montgomery Cty.***, 442 S.W.3d 233, 237 (Tenn. 2014) (quoting ***Webb v. Nashville Area Habitat for Humanity, Inc.***, 346 S.W.3d 422, 426 (Tenn. 2011)). The defendant "'admits the truth of all the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action." ***Id.*** (quoting ***Webb***, 346 S.W.3d at 426). Our determination is based on the pleadings alone. ***Id.*** We review the trial court's decision on a motion to dismiss de novo with no presumption of correctness. ***Id.*** (citing ***Cullum v. McCool***, 432 S.W.3d 829, 832 (Tenn. 2013)).

In addition, this case involves the interpretation and application of Tennessee's civil procedure rules. Interpretation and construction of the Tennessee Rules of Civil Procedure likewise involve questions of law, which we review de novo with no presumption of correctness. ***Fair v. Cochran***, 418 S.W.3d 542, 544 (Tenn. 2013). We apply the rules as written, unless the language is ambiguous. *See **id.***

## Analysis

Here, Mr. Allen does not appear to contest the trial court's determination that his complaint was filed beyond the one-year statute of limitations applicable to legal malpractice actions or that service was not accomplished pursuant to Rule 3. Rather, Mr. Allen asserts that certain procedural defects prevent Attorney Ozment from raising these issues as affirmative defenses.

Before proceeding to the merits of this appeal, we must note that Mr. Allen is proceeding pro se in this court, as he did in the trial court. As this court has explained:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.
>
> The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. Accordingly, we

measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers.

Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries. They are, however, entitled to at least the same liberality of construction of their pleadings that Tenn. R. Civ. P. 7, 8.05, and 8.06 provide to other litigants. Even though the courts cannot create claims or defenses for pro se litigants where none exist, they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903–04 (Tenn. Ct. App. 2003) (citations omitted). We keep these principals in mind in considering Mr. Allen's appeal.[4]

## I.

Turning to the merits of this appeal, Mr. Allen first argues that Attorney Ozment's affirmative defenses were waived in three ways: (1) where Attorney Ozment filed his answer raising these defenses more than thirty days following service of process; (2) where the defenses were not sufficiently stated in the answer or motion to dismiss; and (3) where Attorney Ozment participated in discovery. We begin with the timelines of Attorney Ozment's answer.

Rule 12.02 of the Tennessee Rules of Civil Procedure indeed states that "[a] defendant shall serve an answer within 30 days after the service of the summons and complaint upon the defendant." Both insufficiency of service of process and the statute of limitations are affirmative defenses. Tenn. R. Civ. P. 8.03 (detailing affirmative defenses and the procedure applicable thereto). Affirmative defenses must be raised in an answer or a pre-answer motion. *See Allgood v. Gateway Health Sys.*, 309 S.W.3d 918, 925 (Tenn. Ct. App. 2009) ("[A]n affirmative defense . . . must be presented in the defendant's answer or in a pre-answer motion."). The failure to comply with this rule will result in waiver of the defenses. *See* Tenn. R. Civ. P. 12.08 "(A party waives all defenses and objections which the party does not present either by motion as hereinbefore provided, or, if the party has made no motion, in the party's answer or reply, or any amendments thereto, (provided, however, the defenses enumerated in 12.02(2), (3), (4) and (5) shall not be raised by amendment) . . . .") (noting certain exceptions not relevant in this case).

There is no dispute that Attorney Ozment's answer was filed thirty-one days following service of process. Tennessee law provides, however, that even where an answer is filed late, "the trial court had the authority for cause shown, at any time in its discretion, to enlarge the time for answering, with or without a motion being filed, if the

---

[4] We note that while we ultimately do not rule in favor of Mr. Allen in this appeal, his arguments are clear and well-supported by relevant authority.

request was made before the expiration of the time for answering, or upon motion after the expiration of the time for answering, where the failure to act was the result of excusable neglect." *Elliott v. Akey*, No. E2004-01478-COA-R3-CV, 2005 WL 975510, at *2 (Tenn. Ct. App. Apr. 27, 2005) (citing Tenn. R. Civ. P. 6.02). In most instances, the failure to comply with Rule 12.01's time limitation is raised in the context of a motion for default judgment. Here, Mr. Allen filed a motion for default judgment, which was denied by the trial court. The decision to grant or deny a motion for default judgment lies in the sound discretion of the trial court and we do not overturn discretionary decisions absent an abuse of that discretion. *Id.* Moreover, Mr. Allen has not raised the denial of his motion for default judgment as an issue in this appeal.

Taking the facts in this record as a whole, we cannot conclude that the trial court erred in allowing Attorney Ozment's answer, including all properly raised affirmative defenses, to be filed one day late. Unlike some other types of filings, answers to complaints are subject to enlargements of time pursuant to Rule 12.01. *Elliott v. Akey*, No. E2004-01478-COA-R3-CV, 2005 WL 975510, at *2 (Tenn. Ct. App. Apr. 27, 2005) (applying Rule 6.02 to an enlargement of time for filing an answer). *But see **Rutherford v. Rutherford***, 416 S.W.3d 845, 846 (Tenn. Ct. App. 2013) (holding that Rule 6.02 did not apply to petitions opposing relocation of a parent). Moreover, default judgments, the type of relief sought when no timely response is filed, are not mandatory, but are left to the trial court's discretion. *Patterson v. Rockwell Int'l*, 665 S.W.2d 96, 100 (Tenn.1984). Courts are generally directed to exercise this discretion in favor of allowing cases to proceed to the merits unless there is no reasonable doubt that the default should be granted. *See Cooper v. Cooper*, No. M2007-1002-COA-R10-CV, 2007 WL 1791678, at *2 (Tenn. Ct. App. June 8, 2007) ("[C]ourts prefer to see cases determined on the merits whenever possible."). This rule seems no less apt in the situation wherein a plaintiff seeks not to have a default judgment granted, but to have the defendant's affirmative defenses stricken.

Given the mere one day delay in the filing of the answer, it cannot be fairly stated that any true prejudice resulted to Mr. Allen as a result of the delay. *See **Hickman v. Tennessee Bd. of Paroles***, 78 S.W.3d 285, 288 (Tenn. Ct. App. 2001) (holding that whether Rule 6.02 should be applied to allow an enlargement of time is "a function of the length of time that has passed since the deadline and the possible harm to the opposing party brought about by the failure to act within the deadline"); *Nelson v. Simpson*, 826 S.W.2d 483, 485 (Tenn. Ct. App. 1991) (noting that prejudice to the defendant is one factor in determining whether to grant or set aside a default judgment). Moreover, as previously discussed, Appellant has not asserted in this appeal that the trial court erred in finding Attorney Ozment's defenses meritorious. *See Nelson*, 826 S.W.2d at 485 (holding that whether the defendant has asserted a meritorious defense should also be considered in determining the propriety of a default judgment). Under these circumstances, we cannot conclude that the trial court erred in allowing the answer, including all properly raised affirmative defenses, despite the fact that it was filed on day

thirty-one following the service of the complaint in this case. *Cf. Elliott*, 2005 WL 975510, at \*2 (holding that, assuming defendant's answer was untimely, the plaintiff did not show that the trial court abused its discretion in not setting aside the defendants answer); *Hickman*, 78 S.W.3d at 288 (declining to find an abuse of discretion in the trial court's grant of a motion for an enlargement of time even though the motion "was not supported by even a colorable explanation for the inability to file the motion" on time).

Mr. Allen next asserts that regardless of the timeliness of the answer, Attorney Ozment's affirmative defenses are waived by Attorney Ozment's failure to state the facts supporting the defenses with particularity. In addition to being untimely raised, affirmative defenses may be waived in other circumstances. Failure to sufficiently plead an affirmative defense is indeed one of these situations:

> An affirmative defense must be "specifically pleaded." *George v. Bldg. Materials Corp. of Am.*, 44 S.W.3d 481, 486 (Tenn. 2001). Rule 8.03 clearly contains a "specificity requirement." *Allgood*, 309 S.W.3d at 925. Rule 8.03 requires that a party "set forth affirmatively facts in short and plain terms relied upon to constitute . . . [a] statute of repose [or statute of limitations]" defense. "Conclusory allegations" do not satisfy the specificity requirements of Rule 8.03. *ACG, Inc. v. Se. Elevator, Inc.*, 912 S.W.2d 163, 170 (Tenn. Ct. App. 1995); *see also In re Estate of Brown*, 402 S.W.3d 193, 199 (Tenn. 2013) ("[U]nlike challenges to subject matter jurisdiction which cannot be waived, defenses based on the statute of limitations are affirmative defenses that can be waived unless they are specifically pleaded."); *George*, 44 S.W.3d at 487 ("The specific pleading requirements of [Rule] 8.03 are designed to prevent trial by ambush . . . .").

*Pratcher v. Methodist Healthcare Memphis Hospitals*, 407 S.W.3d 727, 736 (Tenn. 2013). Thus, affirmative defenses, including the ones raised in this case, may be waived by failure to plead them with particularity. The Tennessee Supreme Court, however, has held that the waiver rule "is not rigid and inflexible because trial judges have wide latitude to allow a defendant to amend its answer before trial." *Id.* at 735–36 (citing *Biscan v. Brown*, 160 S.W.3d 462, 471 (Tenn. 2005) ("The rules relating to amendment of pleadings are liberal, vesting broad discretion in the trial court.")).

Here, we agree that Attorney Ozment's initial answer does not comply with Rule 8.03's specificity requirement. The answer merely states that the complaint should be dismissed due to expiration of the statute of limitations, insufficiency of process, and insufficient service of process. The trial court, however, granted Attorney Ozment's motion to amend the answer. The trial court's ruling on this issue is reviewed for an abuse of discretion and nothing in Mr. Allen's brief on appeal has established that the trial court's decision was an abuse of discretion. *Freeman Indus. LLC v. Eastman Chem. Co.*, 227 S.W.3d 561, 565 (Tenn. Ct. App. 2006) (citing *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn.2001); *Merriman v. Smith*, 599 S.W.2d 548, 559 (Tenn. Ct. App.

1979)) ("[T]he trial court has the discretion to grant or deny a motion to amend, and this court will reverse the decision only for an abuse of discretion. . . . A trial court abuses its discretion only when it applies an incorrect legal standard, or reaches a decision which is against logic or reasoning that causes an injustice to the party complaining.") (internal citation and quotation marks omitted). The amended answer contains sufficient factual allegations to satisfy Rule 8.03 requirements and, pursuant to Rule 15.03 of the Tennessee Rules of Civil Procedure,[5] relates back to the timing of the filing of the initial answer. Based on the foregoing, the answer, as amended, was therefore sufficient and timely.

Mr. Allen also asserts that the affirmative defenses at issue in this case should be waived because they were not stated with specificity within Attorney Ozment's motion to dismiss. Rule 7.02 of the Tennessee Rules of Civil Procedure provides that "[a]n application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Pursuant to this rule, a motion seeking dismissal on the ground of failure to state a claim must state "why the plaintiff has failed to state a claim for which relief can be granted." *Willis v. Tennessee Dep't of Correction*, 113 S.W.3d 706, 714 (Tenn. 2003). Here, Attorney Ozment filed a combined motion to dismiss and answer. Although the motion portion of the document stated only that the complaint should be dismissed for failure to state claim, insufficiency of process, and insufficiency of service of process, the answer portion of the document details that the failure to state a claim defense is based upon the expiration of the statute of limitations. *See generally* Y*oung ex rel. Young v. Kennedy*, 429 S.W.3d 536, 549 (Tenn. Ct. App. 2013) (holding that a statute of limitations defense is properly characterized as failure to state a claim). As such, the document as a whole details why the plaintiff's complaint fails to state a claim. *Cf. Pickard v. Ferrell*, 45 Tenn. App. 460, 471, 325 S.W.2d 288, 292–93 (Tenn. 1959) (noting that motions should be judged by their content, rather than their caption).

Moreover, Attorney Ozment's motion to dismiss was later supplemented by a memorandum of law detailing the facts surrounding these defenses.[6] Many courts have held that such memorandums do not satisfy the requirements of Rule 7.02, particularly where the memorandums were not included in the appellate record. *See, e.g., Willis v. Tennessee Dep't of Correction*, 113 S.W.3d 706, 714 (Tenn. 2003) ("Including the grounds for a Rule 12.02(6) motion in a separate memorandum of law does not comply with Rule 7.02(1)."); *Mitchell v. Campbell*, 88 S.W.3d 561, 566 n.4 (Tenn. Ct. App.

---

[5] Rule 15.03 provides, in relevant part that "[w]henever the claim or defense asserted in amended pleadings arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

[6] In actuality, Attorney Ozment supplemented his motion three times: (1) with the original memorandum  filed on March 30, 2015; (2) with a supplement to the motion to dismiss filed on December 28, 2016; and (3) with  a second supplement to the motion to dismiss filed on February 28, 2017.

2002) ("Suffice it to say that articulating a defense in a memorandum accompanying a motion does not amount to compliance with Tenn. R. Civ. P. 7.02(1)."); *Hickman v. Tennessee Bd. of Paroles*, 78 S.W.3d 285, 287 n.2 (Tenn. Ct. App. 2001) (same); *Robinson v. Clement*, 65 S.W.3d 632, 636 (Tenn. Ct. App. 2001) (same).[7] In many of these cases, however, the courts nevertheless considered the defenses on the merits. *See, e.g., Willis*, 113 S.W.3d at 714 (noting the noncompliance with Rule 7.02 but nevertheless considering whether the plaintiff's complaint failed to state a claim); *Ralph v. Pipkin*, 183 S.W.3d 362, 367 (Tenn. Ct. App. 2005) (expressly holding that while the motion to dismiss was deficient, the court would follow the precedent set in *Willis* to nevertheless consider the motion); *Mitchell*, 88 S.W.3d at 565 (noting the noncompliance with Rule 7.02, but nevertheless considering whether the complaint failed to state a claim); *Hickman*, 78 S.W.3d at 288–91 (same); *Robinson*, 65 S.W.3d at 637 (same). *But see Finchum v. Ace, USA*, 156 S.W.3d 536, 539 (Tenn. Ct. App. 2004) (Susano, J., dissenting) (refusing to consider the motion to dismiss where it said no more than the complaint should be dismissed based upon Rule 12.02(6) of the Tennessee Rules of Civil Procedure).[8] Additionally, this court has recently held that it is appropriate to consider facts as alleged in accompanying memorandums when no prejudice resulted from the delay in asserting the facts. *See Young ex rel. Young v. Kennedy*, 429 S.W.3d 536, 552 (Tenn. Ct. App. 2013) (holding that because no action was taken between the filing of the answer and the memorandum, the plaintiff could assert no prejudice in considering the memorandum for purposes of whether the defendant had satisfied Rule 8.03).

Here, Attorney Ozment's original motion to dismiss, taken as a whole, states that the complaint fails to state a claim because it is barred by the applicable statute of limitations. The trial court later ruled that Mr. Allen's complaint failed to state a laim based on this defense, as well as insufficient service of process. In addition to the allegations contained in that document, Attorney Ozment later supplemented the motion with a memorandum providing more detailed factual allegations. Mr. Allen filed no

---

[7] According to the Tennessee Supreme Court, this rule is necessary "in light of Tennessee Rule of Appellate Procedure 24(a)'s language that trial briefs and counsel's memoranda of law are not part of the record on appeal." *Willis*, 113 S.W.3d at 709 n.2; *see also Mitchell*, 88 S.W.3d 564 n.4 (noting that memorandums are "not a part of the appellate record" under Rule 24(a)). From our reading of the versions of Rule 24(a) applicable in 2003 and currently, trial briefs are indeed expressly excluded from the appellate record; memorandums of law, however, are not specifically mentioned. Tenn. R. App. P. 24(a) ("The following papers filed in the trial court are excluded from the record: . . . (4) trial briefs; . . . .").

[8] *Finchum* was split decision, with a strong dissent filed by Judge Charles D. Susano. Judge Susano opined that the court should consider the motion in spite of its deficiencies, in line with the Tennessee Supreme Court's action in *Willis*. *Finchum*, 156 S.W.3d at 539 (Susano, J., dissenting) ("If the Supreme Court in *Willis* did not believe the deficiency in the State's Tenn. R. Civ. P. 12.02 motion was serious enough to warrant a remand in that case, I do not understand why the majority believes a remand is appropriate in the instant case."). The *Ralph* decision later expressly disagreed with the outcome of *Finchum* on the same basis. *Ralph*, 183 S.W.3d at 367 n.1. The Tennessee Supreme Court denied applications for permission to appeal in both *Ralph* and *Finchum*, with the denial in *Ralph* occurring nearly a year following the denial in *Finchum*.

response or pleading in the time between the filing of the answer and motion to dismiss and the March 30, 2015 memorandum. Under these circumstances, we cannot conclude that the trial court erred in declining to find Attorney Ozment's affirmative defenses waived for purported noncompliance with Rule 7.02(1).

Mr. Allen also argues that Attorney Ozment's affirmative defenses should be waived where he participated in discovery. It is generally true that, by the defendant's own conduct, he or she may "be estopped to object" to the sufficiency of service of process. *Faulks v. Crowder*, 99 S.W.3d 116, 125 (Tenn. Ct. App. 2002). "Such conduct may include participating in discovery[.]" *Id.* (citing *Martin v. Mills*, 138 F.R.D. 151, 153 (S.D.Ga. 1991)). For example, our supreme court has held that where a defendant participated in the litigation for two years before raising "an avoidance" defense, the defense was waived. *Barker v. Heekin Can Co.*, 804 S.W.2d 442, 444 (Tenn. 1991) (holding that the trial court erred in dismissing the case based upon insufficiency of service of process where this defense was not properly raised until two years into the litigation following participation in discovery).

The same is not true in this case. Here, Attorney Ozment raised the defenses ultimately relied upon by the trial court in his first responsive pleading filed thirty-one days following service of process. These defenses were later supplemented by a memorandum. Although the record does show that Attorney Ozment participated in discovery after a trial date was set, nothing in the record indicates that Attorney Ozment's conduct during discovery was dilatory or amounts to an abandonment of his previously raised defenses. Considering the facts of this case as a whole, we cannot conclude that Attorney Ozment should be estopped from raising his affirmative defenses due to participation in discovery in this case.

## II.

Mr. Allen finally asserts that the trial court erred in entering orders on his motion for default judgment and Attorney Ozment's motion to amend answer without allowing Appellant an opportunity to orally argue these motions. In his brief, Mr. Allen takes issue with the fact that the trial court's orders state that they are based in part "upon arguments of the plaintiff," while Mr. Allen contends he was not provided "an opportunity to present any arguments" in support of motion for default judgment or in response to the motion to amend Attorney Ozment's answer. Respectfully, we disagree. Although Mr. Allen did not present oral argument as to Attorney Ozment's motion to amend the answer, Mr. Allen did file a written response to that motion. Likewise, Mr. Allen filed a written motion for default judgment containing detailed argument in support thereof. Thus, the trial court's notation that it considered the "arguments of the plaintiff" likely refers to these written arguments. Moreover, we note that Mr. Allen was present at the January 5, 2017 hearing in which these motions were considered and offered considerable argument

regarding the pending motion to dismiss.[9] Mr. Allen's arguments in support of the motion for default judgment and in opposition to the motion to dismiss are both based on issues of waiver, arguments that were fully briefed by Mr. Allen throughout the trial court proceedings. Additionally, although the trial court did not specifically offer Mr. Allen an opportunity to orally argue the motion to amend and the motion for default judgment, we note that Mr. Allen never expressly objected to the trial court's decision to rule on the motions without hearing from him orally during that hearing.

Moreover, in a case cited by Mr. Allen in his brief, we noted that a lack of personal appearance is not a bar to the grant of a motion to dismiss where "the inmate had ample opportunity to file documents presenting his legal theories as to why the suit should not be dismissed on the pleadings." *Knight v. Knight*, 11 S.W.3d 898, 906 (Tenn. Ct. App. 1999) (citing *Montague v. Johnson City*, No. 03A01-9402-CV-00049, 1994 WL 287587, at *3 (Tenn. Ct. App. June 30, 1994), *perm. app. denied* (Tenn. Oct. 3, 1994)). The mere grant of a motion to amend an answer or the denial of a default judgment, neither of which are dispositive of the case, demands no more protection than the grant of a motion to dismiss. Based on the record as a whole, we discern no reversible error in the trial court's decision to rule on the motion to amend answer and motion for default judgment despite the fact that Mr. Allen was not permitted the opportunity to orally argue the pending motions. *See* Tenn. R. App. P. 36(b) ("A final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process.").

In sum, Mr. Allen has shown no reversible error in the trial court's consideration of Attorney Ozment's affirmative defenses or the trial court's decisions regarding the motion for default judgment and motion to amend. Because Mr. Allen has offered no argument to show that the trial court erred in finding that his complaint was barred by the applicable statute of limitations or that he failed to comply with Rule 3 of the Tennessee Rules of Civil Procedure, we affirm the trial court's decision to dismiss Mr. Allen's complaint.

### III.

The judgment of Circuit Court of Shelby County is affirmed. This cause is remanded to the trial court for all further proceedings as are necessary and consistent with this opinion. Costs of this appeal are taxed to Appellant Carl Allen, for which execution may issue if necessary.

---

[9] The confusion over what motion was being argued does not appear to be attributable to Mr. Allen. In fact, the trial court specifically asked Mr. Allen if he was prepared to argue the motion to dismiss. The trial court later ruled, however, the motion to dismiss would be continued to a later hearing. Mr. Allen was again present at this hearing and argued in opposition to the motion to dismiss on procedural grounds.

_____
J. STEVEN STAFFORD, JUDGE