### Raymond MITCHELL

v.

### Donal CAMPBELL.

Court of Appeals of Tennessee, at Nashville.

April 19, 2002.

Permission to Appeal Denied by Supreme Court Oct. 7, 2002.

Raymond Mitchell, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Dawn Jordan, Assistant Attorney General, Nashville, Tennessee, for the appellee, Donal Campbell.

## OPINION

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

This appeal involves a dispute between a prisoner and the Tennessee Department of Correction regarding the Department's decision to classify the prisoner as a multiple rapist under Tenn.Code Ann. § 39–13–523(b) (2000). After the Commissioner of Correction denied his petition for a declaratory order, the prisoner filed a petition for a declaratory judgment in the Chan-

cery Court for Davidson County claiming that the Department had misclassified him and, if it had not, that he was still entitled to earn sentence reduction credits because he was a Range I standard offender. The trial court dismissed the petition, and the prisoner has appealed. We have determined that the Department properly classified the prisoner as a multiple rapist and that the prisoner is not otherwise entitled to earn sentence reduction credits. Accordingly, we affirm the trial court's judgment.

## I.

Raymond Mitchell, dubbed the "Fantasy Man" by the Nashville news media,[1] was indicted on three counts of rape accomplished by fraud and one count of attempted rape. One of the rape charges was severed prior to trial. A Davidson County jury convicted him of two counts of rape and one count of attempted rape, and on June 19, 1996, the Criminal Court for Davidson County sentenced him as a Range I standard offender to two concurrent ten-year sentences for the rape convictions and one consecutive five-year sentence for the attempted rape conviction. Mr. Mitchell later pleaded nolo contendere to the severed rape charge, and the Criminal Court for Davidson County imposed a two-year sentence for sexual battery to be served concurrently with the sentences already imposed. Accordingly, Mr. Mitchell received a total effective sentence of fifteen years.

The Department of Correction classified Mr. Mitchell as a "multiple rapist," thereby preventing him from earning credits to shorten his sentence.[2] Mr. Mitchell peti-

---

1. *State v. Mitchell*, No. M1996–00008–CCA–R3–CD, 1999 WL 559930, at * 1 (Tenn.Crim. App. July 30, 1999), *perm. app. denied* (Tenn. Jan. 31, 2000).

2. Tenn.Code Ann. § 39–13–523(b) (Supp. 2001) provides, in part, that "[a] multiple rapist ... shall be permitted to earn any credits for which such person is eligible and such

tioned the Commissioner of Correction for a declaratory order that he was entitled to use his credits to reduce his sentence. After the Commissioner determined that he was properly classified,[3] Mr. Mitchell filed a petition for a declaratory judgment in the Chancery Court for Davidson County insisting that he was entitled to earn sentence reduction credits based on his treatment as a Range I standard offender and the Criminal Court's comments during the sentencing hearing that he would be eligible for parole after serving thirty percent of his sentence and that he would be able to earn sentence reduction credits to reduce the length of his sentence even more.

■ The Office of the Attorney General and Reporter moved to dismiss Mr. Mitchell's petition. Unfortunately, as is so often the case with motions filed by assistant attorneys general, this motion failed to comply with Tenn. R. Civ. P. 7.02 by stating with particularity the grounds for the motion.[4] Based on Mr. Mitchell's response to the motion, we presume that the motion was a Tenn. R. Civ. P. 12.02(6) motion asserting that Mr. Mitchell had failed to state a claim upon which relief could be granted because he has been properly classified as a multiple rapist. On January 17, 2001, the trial court filed a memorandum

opinion and order dismissing Mr. Mitchell's petition.

## II.

### STANDARD OF REVIEW

■ The sole purpose of a Tenn. R. Civ. P. 12.02(6) motion to dismiss is to test the sufficiency of the complaint, not the strength of the plaintiff's evidence. *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn.1999); *Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.*, 986 S.W.2d 550, 554 (Tenn.1999). It requires the courts to review the complaint alone, *Daniel v. Hardin County Gen. Hosp.*, 971 S.W.2d 21, 23 (Tenn.Ct.App.1997), and to look to the complaint's substance rather than its form. *Kaylor v. Bradley*, 912 S.W.2d 728, 731 (Tenn.Ct.App.1995). Dismissal under Tenn. R. Civ. P. 12.02(6) is warranted only when the alleged facts will not entitle the plaintiff to relief or when the complaint is totally lacking in clarity and specificity. *Dobbs v. Guenther*, 846 S.W.2d 270, 273 (Tenn.Ct.App.1992).

■ A Tenn. R. Civ. P. 12.02(6) motion admits the truth of all the relevant and material factual allegations in the complaint but asserts that no cause of action arises from these facts. *Winchester v. Lit-*

credits may be used for the purpose of increased privileges, reduced security classification, or for any purpose other than the reduction of the sentence imposed by the court."

3. Neither Mr. Mitchell's petition for a declaratory order nor the Commissioner's response are included in the record. However, because the Office of the Attorney General has not argued that Mr. Mitchell failed to exhaust his administrative remedies within the Department before filing his petition for declaratory judgment in the trial court, we will assume that Mr. Mitchell exhausted his administrative remedies as required by Tenn. Code Ann. § 4–5–225(b) (1998) before he filed suit.

4. Tenn. R. Civ. P. 7.02(1) requires that motions "state with particularity the grounds therefor." The motion in this case refers to a memorandum of law accompanying its motion. However, this memorandum, by operation of Tenn. R.App. P. 24(a), is not a part of the appellate record. Suffice it to say that articulating a defense in a memorandum accompanying a motion does not amount to compliance with Tenn. R. Civ. P. 7.02(1). *Hickman v. Tennessee Board of Paroles*, 78 S.W.3d 285, 287 n. 2 (Tenn.Ct.App.2001); *Pendleton v. Mills*, 73 S.W.3d 115, 119 n. 7 (Tenn.Ct.App.2001); *Robinson v. Clement*, 65 S.W.3d 632, 635 n. 2 (Tenn.Ct.App.2001).

*tle*, 996 S.W.2d 818, 821 (Tenn.Ct.App. 1998); *Smith v. First Union Nat'l Bank*, 958 S.W.2d 113, 114 (Tenn.Ct.App.1997). Accordingly, courts reviewing a complaint being tested by a Tenn. R. Civ. P. 12.02(6) motion must construe the complaint liberally in favor of the plaintiff by taking all factual allegations in the complaint as true, *Stein v. Davidson Hotel*, 945 S.W.2d 714, 716 (Tenn.1997), and by giving the plaintiff the benefit of all the inferences that can be reasonably drawn from the pleaded facts. Robert Banks, Jr. & June F. Entman, *Tennessee Civil Procedure* § 5–6(g), at 254 (1999). On appeal from an order granting a Tenn. R. Civ. P. 12.02(6) motion, we must likewise presume that the factual allegations in the complaint are true, and we must review the trial court's legal conclusions regarding the adequacy of the complaint without a presumption of correctness. *Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.*, 986 S.W.2d at 554; *Stein v. Davidson Hotel*, 945 S.W.2d at 716.

### III.

MR. MITCHELL'S CLASSIFICATION
AS A MULTIPLE RAPIST

 Mr. Mitchell claims that the Department's decision to classify him as a multiple rapist renders his sentence invalid and is inconsistent with Tenn.Code Ann. § 40–35–106 (2000). The trial court properly declined to consider Mr. Mitchell's

various challenges to the validity of his sentence [5] because declaratory proceedings under Tenn.Code Ann. § 4–5–225 (1998) cannot be used to challenge the validity of a criminal conviction or sentence.[6] Therefore, the only issue properly before the trial court and this court is whether the Department properly construed and applied Tenn.Code Ann. § 39–13–523(b) to Mr. Mitchell. We have determined that it did.

 Mr. Mitchell asserts that the Department interpreted Tenn.Code Ann. § 39–13–523(b) incorrectly because it failed to consider it in pari materia with Tenn.Code Ann. § 40–35–106(b)(4) which provides:

> Convictions for multiple felonies committed as part of a single course of conduct within twenty-four (24) hours, constitute one (1) conviction for the purpose of determining prior convictions; however, acts resulting in bodily injury or threatened bodily injury to the victim or victims shall not be construed to be a single course of conduct.

This argument is without merit for at least three reasons. First, the statutes do not deal with the same subject matter. Tenn. Code Ann. § 39–13–523(b) relates to sentence reduction credits; while Tenn.Code Ann. § 40–35–106(b)(4) relates to the sentence itself. Therefore, these statutes

---

5. Mr. Mitchell asserted that Tenn.Code Ann. § 39–13–523(b) could not be used to deprive him of sentence reduction credits because (1) the indictment did not state that conviction of the rape charges would force him to serve his sentence without sentence reduction credits, (2) the District Attorney General did not file a notice of sentence enhancement, and (3) the trial court did not include the statute in its instructions to the jury.

6. In addition to a direct appeal from a criminal conviction under Tenn. R.Crim. P. 37,

petitions for relief under the Post–Conviction Procedure Act and petitions for a writ of habeas corpus are the exclusive means by which a prisoner can obtain relief from confinement. *Rutherford v. Campbell*, No. M1999–02789–COA–R3–CV, 2000 WL 679235, at *2 (Tenn.Ct.App. May 25, 2001), *perm. app. denied* (Tenn. Jan. 16, 2001); *Dezurn v. Mathney*, No. 88–225–III, 1989 WL 14155, at *1 (Tenn.Crim.App. Feb. 24, 1989), *perm. app. denied* (Tenn. June 5, 1989).

need not be construed in pari materia.[7] Second, because specific statutes control over more general ones,[8] Tenn.Code Ann. § 39–13–523(b) that deals specifically with sentence reduction credits for multiple rapists controls over Tenn.Code Ann. § 40–35–106(b)(4) to the extent they are inconsistent. Finally, Tenn.Code Ann. § 40–35–106(b)(4) does not apply to Mr. Mitchell because (1) the acts for which he was convicted-rape-resulted by their very nature in bodily injury to their victims and (2) the rapes were not part of a single course of conduct within a twenty-four hour period.

■■■■■■ Mr. Mitchell also asserts that he is entitled to earn sentence reduction credits despite Tenn.Code Ann. § 39–13–523(b) because he was sentenced as a Range I standard offender and because the judgment order does not specifically state that he is not entitled to earn sentence reduction credits. We have already addressed this issue in a case involving a child rapist.[9] There, we pointed out that "[t]he judgment of the trial court quite correctly says nothing at all relative to sentence reduction credits since administration of such statutory sentence reduction credits is committed by the General Assembly to the Department of Correc-

tions." *Rutherford v. Campbell,* 2000 WL 679235, at * 1.

■■■■ Tenn.Code Ann. § 39–13–523(b) was enacted in 1992 [10] and thus was part of the substantive law when Mr. Mitchell committed his offenses between August 1992 and July 1994. Accordingly, it was part of his sentence when he was tried and convicted of multiple rapes in 1996. The Department had no discretion regarding the application of Tenn.Code Ann. § 39–13–523(b) to Mr. Mitchell in light of his two rape convictions. Accordingly, the Department did not err by classifying Mr. Mitchell as a "multiple rapist" for the purpose of Tenn.Code Ann. § 39–13–523(b) and by determining that he was ineligible to earn sentence reduction credits.[11]

## IV.

We affirm the order dismissing Mr. Mitchell's petition for a declaratory judgment and remand the case to the trial court for whatever further proceedings may be required. We tax the costs of this appeal to Raymond Mitchell for which execution, if necessary, may issue. We also have determined that this appeal is frivolous in accordance with Tenn.Code Ann.

---

7. Only statutes relating to the same subject matter or sharing the same purpose should be construed in pari materia. *State v. Blackstock,* 19 S.W.3d 200, 210 (Tenn.2000); *Kite v. Kite,* 22 S.W.2d 803, 805 (Tenn.1997).

8. *Washington v. Robertson County,* 29 S.W.3d 466, 475 (Tenn.2000); *Lambert v. Invacare Corp.,* 985 S.W.2d 446, 448 (Tenn.Ct.App.1998); *Byrd v. Bradley,* 913 S.W.2d 181, 184 (Tenn.Ct.App.1995).

9. Tenn.Code Ann. § 39–13–523(b)'s restriction against earning sentence reduction credits applies to both multiple rapists and child rapists.

10. Act of April 23, 1992, ch. 878, 1992 Tenn. Pub. Acts 807.

11. We give no weight to Mr. Mitchell's assertions that the criminal court instructed the jury that convicted him to consider his eligibility for sentence reduction credits or that the criminal court stated during his sentencing hearing that he would be eligible for parole after serving thirty percent of his sentence and that he would be able to earn sentence reduction credits to further reduce the amount of time he would be required to serve. The terms and conditions of a prisoner's sentence are dictated by the applicable law and the judgment order. In the absence of a transcript, we decline to base our decisions on a prisoner's self-serving recollections about what a sentencing judge might have said.

§ 41–21–807(c) (Supp.2001) and Tenn.Code Ann. § 41–21–816(a)(1) (1997).