IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 1, 2017

## FLOYD E. RAYNER, III v. TENNESSEE DEPARTMENT OF CORRECTION, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 16-508-IV      Russell T. Perkins, Chancellor**

_____

### No. M2017-00223-COA-R3-CV

_____

Appellant, an inmate in the custody of Appellee Tennessee Department of Correction, appeals the trial court's dismissal of his petition for declaratory judgment under the Uniform Administrative Procedures Act. Specifically, Appellant challenges the Tennessee Department of Correction's calculation of his criminal sentence, and also challenges the constitutionality of the criminal statutes, under which he was convicted. We conclude that the calculation of Appellant's sentence comports with the judgments of the criminal court. Appellant's constitutional arguments challenge his criminal sentence. As such, he has no recourse under the Uniform Administrative Procedures Act. Affirmed and remanded.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR. and W. NEAL MCBRAYER, JJ., joined.

Floyd Earl Rayner, III, Mountain City, Tennessee, pro se.

Herbert H. Slatery, III, Attorney General and Reporter, Andrée Blumstein, Solicitor General, and Pamela S. Lorch, Senior Counsel, for the appellees, Tennessee Department of Correction and State Attorney General.

# OPINION

## I. Background

Floyd Earl Rayner, III ("Appellant") is an inmate in the custody of the Tennessee Department of Correction ("TDOC"). As set out in ***State of Tennessee v. Floyd Earl Rayner, III***, No. M2001-00971-CCA-R3-CD, 2002 WL 1336654 (Tenn. Crim. App. June 19, 2002), *perm. app. denied* (Tenn. Dec. 9, 2002), Mr. Rayner was indicted on five counts of rape of a child and five counts of aggravated sexual battery of a child less than thirteen years of age. *Id*. at *1. In each count, the victim was Appellant's daughter. *Id*. Following trial, the jury convicted Appellant on each count, and the trial court imposed a 21-year sentence in each of the rape-of-a-child convictions and a nine-year sentence in each of the aggravated-sexual-battery convictions. *Id*. Two of the rape-of-a-child sentences and one of the aggravated-sexual-battery sentences were imposed to run consecutively, and all other sentences were to run concurrently, yielding an effective sentence of 51 years. *Id*. The sentencing court granted Appellant pretrial jail credit of 317 days, from April 10, 2000 to the sentence imposition date of February 21, 2001. Mr. Rayner's sentence is further explained by Candace Whisman, The TDOC Director of Sentence Management Services, in her affidavit, which was filed on September 16, 2016. In relevant part, Ms. Whisman explained:

> 9. The sentences received in count[s] one through five are for the offense of Rape of a Child and are to be served at 100% with no sentence reduction in accordance with Tenn. Code Ann. § 39-13-523(b), (c), and (d), and Tenn. Code Ann. § 40-35-501(i)(3). The sentences received in counts six through ten are for the offense of Aggravated Sexual Battery and are to be served at 100% for a violent offense and can be reduced by up to 15% with sentence reduction credits earned in accordance with Tenn. Code Ann. § 40-35-501(i)(1).

> 10. Mr. Rayner's overall sentence calculation of 51 years is based on the sentences received in counts one, two and six. The sentence effective date (sentence imposed date of February 21, 2001 minus pretrial jail credit) is April 10, 2001, and current expiration date is April 10, 2051. He will not be eligible to begin reducing the nine year sentence in count six until the first 42 years is served day for day. Calculation of the sentence expiration for the overall sentence of 51 years is listed below.

| | |
|---|---|
| Sentence imposed date 1000A589 ct. 1 | 2-21-2001 |
| Minus 317 pretrial jail credit | -317 days |
| Equal sentence effective date | 4-10-2000 |
| Plus 21 years ct. 1 | +21 yr |
| Equals expiration ct. 1 | 4-10-2021 |

| | |
|---|---|
| Plus 21 years ct. 2 | +21 yr |
| Equals expiration ct. 2 | 4-10-2042 |
| Plus 9 years ct. 6 | + 9 yr |
| Equals current overall expiration | 4-10-2051 |

The criminal court's sentencing orders are attached to Ms. Whisman's affidavit.

On May 16, 2016, Mr. Rayner filed a complaint for declaratory judgment against TDOC and The State Attorney General (together with TDOC, "Appellees"). By his complaint, which was brought under the Uniform Administrative Procedures Act ("UAPA"), Tenn. Code Ann. § 4-5-225, Mr. Rayner challenged TDOC's calculation of his sentence and also challenged the constitutionality of the criminal statutes, under which he was convicted (Tenn. Code Ann. §§ 39-13-523; 40-35-501). On August 8, 2016, Appellees filed an answer, wherein they denied the material allegations of the complaint and raised, as one of their affirmative defenses, the trial court's lack of jurisdiction, under the UAPA, to address Appellant's dispute concerning his conviction. By order of December 21, 2016, the trial court dismissed Appellant's complaint, finding that Appellees had properly calculated Appellant's sentence pursuant to the criminal court's orders and that Appellant could not challenge the constitutionality of the criminal statutes by filing a declaratory judgment action under the UAPA. Mr. Rayner appeals.

## II. Issues

We restate the issue as: Whether the trial court erred in dismissing Mr. Rayner's UAPA declaratory judgment action.

## III. Standard of Review

There was no trial in this case, and the issues are strictly questions of law. Therefore, this Court's review is de novo with no presumption of correctness as to the trial court's conclusions. *See Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 836 (Tenn. 2008).

We also note that, while we are cognizant of the fact that Mr. Rayner is representing himself in this appeal, it is well-settled that "pro se litigants are held to the same procedural and substantive standards to which lawyers must adhere." *Brown v. Christian Bros. Univ.*, No. W2012-01336-COA-R3-CV, 2013 WL 3982137, at *3 (Tenn. Ct. App. Aug. 5, 2013), *perm. app. denied* (Tenn. Jan. 15, 2014). This Court has held that "[p]arties who choose to represent themselves are entitled to fair and equal treatment by the courts." *Hodges v. Tenn. Att'y Gen*., 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc*., 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). Nevertheless, "courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe."

*Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003); *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995).

## IV. Analysis

### A. Pretrial Jail Credits

In his first argument, Mr. Rayner contends that he was denied some of his pretrial jail credits. Specifically, Appellant claims that he was arrested on December 9, 1999 and that his pretrial jail credits should equal the number of days from December 9, 1999 to April 10, 2000. The criminal court judgments, which are attached to Ms. Whisman's affidavit, order the pretrial jail credit period to cover April 10, 2000 to the date the court entered judgment on February 21, 2001. Tennessee Code Annotated Section 40-23-101(c) provides that

> [t]he trial court shall, at the time the sentence is imposed and the defendant is committed to . . . the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail . . . or county jail . . . pending arraignment and trial.

This statute directs the criminal court, not the TDOC, to award pretrial jail credits. In fact, the TDOC "is powerless to change what the trial court awarded or failed to award." *State v. Smith*, No. E2003-01092-CCA-R3-CD, 2004 WL 305805, at *2 (Tenn. Crim. App. Feb. 18, 2004) (Tipton, J. concurring). Furthermore, the TDOC "may not alter the judgment of the court, even if that judgment is illegal." *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978); *Tucker v. Morrow*, 335 S.W.3d 116, 122 (Tenn. Ct. Crim. App. 2009). "The Department [of Correction] is required to calculate sentences in accordance with the sentencing court's judgment and with applicable sentencing statutes." *Bonner v. Tenn. Dept. of Correction*, 84 S.W.3d 576, 581-82 (Tenn. Ct. App. 2001). Here, the trial court specifically found that

> TDOC properly calculated Mr. Rayner's pretrial jail credit pursuant to the criminal court's judgments, as it is required to do by law. Because Mr. Rayner's sentencing court ordered pretrial jail credit from April 10, 2000 to February 21, 2001, the court finds that the TDOC properly calculated Mr. Rayner's sentence in accordance with those judgment and that it cannot by law alter his sentence to include pretrial jail credit from December 9, 1999 to April 10, 2000.
>
> In counts 1 and 2, Mr. Rayner was sentenced for the offense of Rape of a Child. This time is to be served at 100% with no sentence reduction permitted in accordance with Tenn. Code Ann. § 39-13-523(b)(c) & (d) and Tenn. Code Ann. § 40-35-501(i)(3). These statutes do not permit a child

rapist to receive sentence credits to reduce a sentence expiration date or to be paroled on said sentences. Mr. Rayner's criminal judgments also state that he is to serve 100% of his sentence for child rape, and those judgments are in accordance with the aforementioned law. A child rapist must serve 100% of his sentence undiminished by sentence credits and is not eligible for parole release. *See **Smith v. Lewis***, 202 S.W.3d 124, 127 (Tenn. 2006). The Court finds that TDOC properly did not apply sentence credits to Mr. Rayner's sentence for Rape of a Child.

The criminal court judgments order that the concurrent 9-year aggravated sexual battery sentences be served consecutive to the 21-year Rape of a Child sentence in count 2 and that the count 2 sentence be served consecutive to the 21-year Rape of a Child sentence in count 1. The Court finds that the TDOC has calculated Mr. Rayner's sentence in accordance with the sentencing court's judgment and with the applicable sentencing statutes.

We have reviewed the sentencing orders and the applicable sentencing statutes, and we conclude, as did the trial court, that TDOC properly calculated Mr. Rayner's sentence.

## B. Constitutionality of Criminal Statutes

Mr. Rayner also challenges the constitutionality of Tennessee Code Annotated Sections 40-35-501 and 39-13-523. Tennessee Code Annotated Section 40-35-501 is part of the Tennessee Criminal Sentencing Reform Act of 1989. Tennessee Code Annotated Section 39-13-523 sets out the punishment for certain sex offenses, including child rape. Mr. Rayner's constitutional arguments amount to nothing more than a challenge to his criminal sentence. It is well settled that "declaratory proceedings under Tenn. Code Ann. § 4-5-225 . . . cannot be used to challenge the validity of a criminal conviction or sentence." **Mitchell v. Campbell**, 88 S.W.3d 561, 565 (Tenn. Ct. App. 2002). "[A] direct appeal from a criminal conviction . . . petitions for relief under the Post-Conviction Procedure Act and petitions for writ of habeas corpus are the exclusive means by which a prisoner can obtain relief from confinement," *Id*. at 567 n. 6, and "[c]ourts of equity are not constituted to deal with crime and criminal proceedings." **Carter v. Slatery**, No. M2015-00554-COA-R3-CV, 2016 WL 1268110, at *4 (Tenn. Ct. App. Feb. 19, 2016) (internal citation omitted); **Tennessee Downs, Inc. v. Gibbons**, 15 S.W.3d 843, 847 (Tenn. Ct. App. 1999) ("It is a well-established rule of equity jurisprudence that courts of equity have no jurisdiction to enjoin the enforcement of state criminal laws.").

## C. Whether Mr. Rayner's Pending Discovery Motion is Moot

In its final order, the trial court held that all pending motions were moot. In his final argument, Appellant asserts that the trial court erred in failing to address his motion, seeking a determination of whether Appellees' response to Appellant's requests for

admissions was sufficient.  From our review of the record, Appellant failed to raise this issue in the trial court through a post-judgment motion..  "Issues raised for the first time on appeal are waived."  **_Black v. Blount_**, 938 S.W.2d 394,403 (Tenn. 1996).  Regardless, having reviewed the substance of Appellant's pending motion, it appears that Appellant's request for admissions raised legal, not factual, issues.  Because the trial court ruled on all pending legal issues, a separate review of Appellant's motion was unnecessary.  Accordingly, we cannot conclude that the trial court's holding that Appellant's motion is moot was error.

## V. Conclusion

For the foregoing reasons, we affirm the order of the trial court.  The case is remanded for such further proceedings as may be necessary and are consistent with this opinion.  Costs of the appeal are assessed to the Appellant, Floyd E. Rayner, III.  Because Mr. Rayner is proceeding _in forma pauperis_ in this appeal, execution for costs may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE