IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 2, 2020

## ALLEN C. BOND v. TENNESSEE DEPARTMENT OF CORRECTION

**Appeal from the Chancery Court for Davidson County**
No. 19-776-II        Anne C. Martin, Chancellor
_____

**No. M2019-02299-COA-R3-CV**
_____

This appeal arises from a declaratory judgment action filed by an inmate, Allen C. Bond ("Petitioner"), against the Tennessee Department of Correction ("TDOC"), concerning the calculation of Petitioner's sentence and whether he had been awarded the correct number of pretrial credits. The Trial Court dismissed Petitioner's complaint for declaratory judgment upon its finding that TDOC had calculated Petitioner's sentence in compliance with the criminal court's most recent judgment. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which ANDY D. BENNETT and CARMA DENNIS MCGEE, JJ., joined.

Allen Cornelius Bond, Tiptonville, Tennessee, Pro Se.

Herbert H. Slatery, III, Attorney General and Reporter, and Erin A. Shackelford, Assistant Attorney General, for the appellee, Tennessee Department of Correction.

### OPINION

### Background

In April 2001, Petitioner was convicted in the Madison County Circuit Court ("Criminal Court") of possession of schedule II drugs with an intent to sell and received a sentence of eight years. He was ordered to serve eleven months and twenty-nine days incarceration with the rest to be served on community corrections. He also was convicted of theft of property valued between $1,000 and $10,000, to which he was sentenced to four

years of community corrections to be served consecutive with his sentence for the drug offense. Following violations of his community corrections, Petitioner was subsequently released on probation.

While Petitioner was released on probation, he was arrested in May 2012 and was convicted of aggravated sexual battery in April 2013 in the Criminal Court. As a result of his arrest, Petitioner violated his probation, which was revoked. Petitioner remained in jail from his arrest in May 2012 through his sentencing in April 2013. In its original judgment for Petitioner's aggravated sexual battery conviction, the Criminal Court sentenced Petitioner to sixteen years' incarceration at 100 percent and did not provide for any pretrial jail credit. Petitioner's sentence for the aggravated sexual battery was to be served consecutively with his sentences for the drug and theft offenses. Following a post-conviction relief petition, an amended order was entered by the Trial Court in July 2016, reducing Petitioner's sentence to ten years' incarceration. According to the first amended order, the number of years of incarceration was the only modification. This amended judgment did not provide for pretrial jail credit.

According to Petitioner's complaint, he filed a motion to withdraw his guilty plea in October 2016, in which he requested to withdraw his guilty plea or receive his "agreed upon jail credits." In November 2016, a second amended judgment was entered by the Criminal Court, which awarded Petitioner his pretrial jail credits from May 18, 2012 through July 15, 2016. TDOC subsequently inquired via letter to the district attorney's office whether the court had intentionally provided duplicate pretrial jail credits to Petitioner due to the consecutive nature of the aggravated sexual battery sentence. The Criminal Court subsequently entered a third amended judgment in August 2017, leaving in effect all prior conditions of the previous judgment but stating in part as follows: "Per the request of the Department of Corrections, this modification is entered to clarify that the defendant is not to receive the same jail credits twice. The department shall apply the jail credits only one time." Pursuant to the Criminal Court's third amended judgment, TDOC calculated Petitioner's sentence by applying those jail credits toward only the initial sentence and not to the consecutive aggravated sexual battery sentence.[1]

In June 2019, Petitioner filed a "Complaint for Declaratory Judgment" in the Davidson County Chancery Court ("Trial Court"), pursuant to the Uniform Administrative Procedures Act, requesting that the Trial Court issue a declaratory judgment instructing TDOC to comply with the Trial Court's November 2016 judgment "as it is written."[2]

---

[1] Prior to initiation of this action, Petitioner had filed a petition for declaratory relief with TDOC, which was denied.

[2] We note that Petitioner's complaint requested instruction to TDOC to "apply [the] 7-15-2016 judgment order." The aforementioned date appears to be an error as his complaint stated that the November 2016 order was "the only valid amended judgment," and the November 2016 judgment was the only amended

Petitioner cited to case law in his complaint supporting that TDOC was "powerless to change" the pretrial credits that a criminal court had awarded or failed to award. However, Petitioner contended that TDOC had refused to give him the jail credits awarded to him by the Criminal Court in the November 2016 judgment, which he stated was "the only valid amended judgment." Petitioner essentially argued that the November 2016 order had become final and that the Criminal Court had lost jurisdiction with no power to amend its judgment. Therefore, Petitioner claimed that the August 2017 third amended judgment was void. Petitioner also argued that he should have been ordered to serve his sentences concurrently and not consecutively.

In September 2019, TDOC filed a brief in response to Petitioner's complaint for declaratory judgment, arguing that the only issue the Trial Court had jurisdiction to consider in this action was whether "TDOC is carrying out the petitioner's sentence in accordance with all applicable court orders/judgments." According to TDOC, Petitioner's complaints regarding his plea negotiations, the legality of his plea agreement, and his consecutive sentences should be addressed with the sentencing court and not in a petition for declaratory judgment. TDOC further argued that Petitioner had failed to state a claim upon which relief can be granted and that his petition should be dismissed. TDOC also filed a notice of filing and an affidavit by a representative of TDOC, which included several attachments concerning the calculation of Petitioner's sentence.

Petitioner subsequently filed a reply brief, in which he stated that TDOC had erred by not enforcing the second amended judgment entered in November 2016, that no post-plea motion had been filed to give the Criminal Court jurisdiction to amend its November 2016 order, and that the transcript from the July 2016 hearing was controlling instead of the August 2017 third amended judgment. Petitioner further stated that "the last Amended Judgment form was illegal" and that "TDOC had an obligation to adhere to the 11-1-2016 judgment form no matter how much TDOC disagreed with it." Petitioner concomitantly filed a motion for discovery, requesting several "non-privileged documents" some of which he states "need to come directly from the Madison County clerk's office."

The Trial Court ruled upon the motions based on the briefs filed in this matter without a hearing. In December 2019, the Trial Court entered an order ruling as follows:

> Mr. Bond argues that TDOC's application of the August 23, 2017 order to his sentence calculation is invalid, in that the trial court was not authorized to amend a judgment that had already become final. In other words, Petitioner contends that the second amended order granting pretrial jail credit governs, and that the trial court had no jurisdiction to issue an order clarifying the award of pretrial jail credits.

judgment that had included the pretrial jail credits to which Petitioner believes he is entitled.

- 3 -

Generally, a trial court's judgment becomes final 30 days after entry unless a party files a notice of appeal or post-trial motion. *State v. Lock*, 839 S.W.2d 436, 440 (Tenn. Crim. App. 1992). When the judgment becomes final, the trial court loses jurisdiction to amend it except under certain circumstances. *State v. Yates*, No. W2018-00284-CCA-R3-CD, 2019 WL 192397, at *3 (Tenn. Crim. App. Jan. 11, 2019), *appeal denied* (Apr. 15, 2019); *see generally State v. Brown*, 479 S.W.3d 200, 205 (Tenn. 2015). These circumstances are set forth in Tennessee Rules of Criminal Procedure, Rule 35 (motion for reduction of sentence), Rule 36 (correction of clerical errors), and Rule 36.1 (correction of illegal sentences). *Id.* The procedure for challenging a final order differs, depending on the nature of the alleged "defect" in the order. *Id.* As explained by the Tennessee Supreme Court in *State v. Brown, supra,*

> errors in sentencing are inevitable, but "[t]he avenue of relief and remedy" is determined by the type of error that "infects" the sentence. We explained that sentencing errors fall into three general categories—clerical errors, appealable errors, and fatal errors. Only fatal errors render sentences illegal. Clerical errors "arise simply from a clerical mistake in filling out the uniform judgment document" and may be corrected at any time under Tennessee Rule of Criminal Procedure 36. Appealable errors include "those errors for which the Sentencing Act specifically provides a right of direct appeal." Included in this category is any claim that is "akin to a challenge to the sufficiency of the evidence supporting a conviction[,]" such as a claim that the record does not support the trial court's factual findings regarding sentencing. Claims of appealable error generally involve attacks on the correctness of the methodology the trial court used to impose sentence. The final category—fatal errors—include only errors that are "so profound as to render the sentence illegal and void." We defined an illegal sentence as "one which is 'in direct contravention of the express provisions of [an applicable statute], and consequently [is] a nullity.'" We included within this definition sentences which are "not authorized under the applicable statutory scheme."

*State v. Brown*, 479 S.W.3d 200, 208 (Tenn. 2015) (inner citations omitted).

- 4 -

In *Brown*, the Supreme Court held that a trial court's failure to award pretrial jail credits does not render a sentence illegal, and that this failure is therefore insufficient to establish a colorable claim for relief under Rule 36.1, "Correction of Illegal Sentences." *Id.* at 213. Under this reasoning, the Madison County trial court's [November] 2016 amended order ostensibly awarding *duplicate* pretrial jail credits does not render Mr. Bond's sentence illegal, and the order is therefore not subject to challenge through the filing of a Rule 36.1 motion with the trial court.

This Court finds that Tenn. R. Crim. P. 36, which deals with the correction of clerical errors, is the appropriate mechanism for addressing the alleged discrepancy in pretrial jail credits reflected in the [November] 2016 order. Rule 36 states that

> [a]fter giving any notice it considers appropriate, the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission. Upon filing of the corrected judgment or order, or upon the court's denial of a motion filed pursuant to this rule, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure.

As set forth above, there is no time limitation on the trial court's ability to correct clerical errors in a judgment order. The court may make such corrections *sua sponte*, and need not wait for one of the parties to file a motion requesting such relief. As such, the Petitioner's contention that the trial court was without jurisdiction to amend its own order is without merit.

Petitioner next alleges an inconsistency between the trial judge's statements at his plea submission hearing and the trial court's August 23, 2017 amended order. He argues that that the judge orally stated that the pretrial jail credit should apply "towards the 10 year sentence" for aggravated sexual battery. Mr. Bond challenges the accuracy of the trial court's last order, as well as the court's authority to enter it.[3] However, it is TDOC that Mr. Bond has named as the respondent in this case, alleging that TDOC failed to comply with the trial court's [November] 2016 order. TDOC counters that it complied with the trial court's final amended order. This Court finds that

---

[3] This Court notes that the mechanism for appealing a trial court's amended judgment order is set out in Rule 36.

TDOC properly calculated Mr. Bond's sentence based on the trial court's last order.

Accordingly, and for the above stated reasons, the Petitioner's Complaint for Declaratory Judgment is dismissed. The Petitioner's Motion for Discovery is now moot and need not be addressed.

(Footnote in original but renumbered.)

Petitioner timely appealed to this Court. Petitioner filed a statement of the evidence with the Trial Court. TDOC subsequently objected to the statement. A notice was initially filed stating that the objection was untimely. Ultimately, the Trial Court, relying on our Supreme Court's order regarding the Covid-19 pandemic, found the objection was timely. Therefore, the Trial Court rejected Petitioner's statement of the evidence, finding that it was not accurate and that there had "been no trial, evidentiary proceeding, or hearing such as would necessitate the filing of a transcript or a transcript alternative."

## Discussion

Although not stated exactly as such, Petitioner raises the following issues for our review on appeal: (1) whether TDOC erred by failing to enforce the Criminal Court's second amended judgment entered in November 2016, (2) whether the Criminal Court's August 2017 judgment was entered legally when no post-plea motion was filed, (3) whether the Criminal Court's August 2017 judgment was enforceable when the transcript of the proceeding was controlling, and (4) whether the Trial Court erred by failing to conduct a hearing on Petitioner's discovery motion.

As our Supreme Court has instructed:

A motion to dismiss a complaint for failure to state a claim for which relief may be granted tests the legal sufficiency of the plaintiff's complaint. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 894 (Tenn. 2011); *cf. Givens v. Mullikin ex rel. Estate of McElwaney*, 75 S.W.3d 383, 406 (Tenn. 2002). The motion requires the court to review the complaint alone. *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d 695, 700 (Tenn. 2009). Dismissal under Tenn. R. Civ. P. 12.02(6) is warranted only when the alleged facts will not entitle the plaintiff to relief, *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011), or when the complaint is totally lacking in clarity and specificity, *Dobbs v. Guenther*, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992) (*citing Smith v. Lincoln Brass Works, Inc.*, 712 S.W.2d 470, 471 (Tenn. 1986)).

A Tenn. R. Civ. P. 12.02(6) motion admits the truth of all the relevant and material factual allegations in the complaint but asserts that no cause of action arises from these facts. *Brown v. Tennessee Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010); *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d at 700. Accordingly, in reviewing a trial court's dismissal of a complaint under Tenn. R. Civ. P. 12.02(6), we must construe the complaint liberally in favor of the plaintiff by taking all factual allegations in the complaint as true, *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d at 894; *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d at 426; Robert Banks, Jr. & June F. Entman, Tennessee Civil Procedure § 5-6(g), at 5-111 (3d ed. 2009). We review the trial court's legal conclusions regarding the adequacy of the complaint de novo without a presumption of correctness. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d at 895; *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d at 700.

*SNPCO, Inc. v. City of Jefferson City*, 363 S.W.3d 467, 472 (Tenn. 2012).

Additionally, we note that Petitioner is proceeding in this appeal *pro se.* In *Whitaker v. Whirlpool Corp.,* 32 S.W.3d 222 (Tenn. Ct. App. 2000), this Court observed that:

*Pro se* litigants are entitled to fair and equal treatment. *Pro se* litigants are not, however, entitled to shift the burden of litigating their case to the courts. *Pro se* litigants are not excused from complying with the same substantive and procedural requirements that other represented parties must adhere to.

*Whitaker,* 32 S.W.3d at 227 (internal citations omitted).

Petitioner raises issues on appeal concerning whether the Criminal Court's third amended judgment entered in August 2017 was legal and enforceable. This Court does not have jurisdiction in this declaratory judgment proceeding to alter the Criminal Court's judgment or make any determination concerning the illegality or validity of the Criminal Court's judgment. *See Sledge v. Tennessee Dep't of Correction*, No. M2016-01664-COA-R3-CV, 2017 WL 4331038, *2 (Tenn. Ct. App. Sept. 28, 2017) (determining that issues concerning the validity of a criminal court's judgment were not within the scope of this Court's review).

As in this case, a defendant in *Sledge v. Tennessee Dep't of Correction*, 2017 WL 4331038, at *1, had filed an action seeking declaratory judgment in the chancery court, and the criminal court amended its judgment to modify the amount of pretrial credits to which the defendant was entitled. This Court held during the appeal in that case that "any argument as to the validity of the corrected [criminal court] order should be addressed to the Court of Criminal Appeals." *Sledge v. Tennessee Dep't of Correction*, 2017 WL

- 7 -

4331038, at *2 (citing Tenn. Code Ann. § 16-5-108; *Slagle v. Reynolds*, 845 S.W.2d 167, 169 (Tenn. 1992)). Declaratory judgment proceedings, filed pursuant to the Uniform Administrative Procedures Act, cannot be used by a defendant to challenge the validity of his or her criminal conviction or sentence. *Mitchell v. Campbell*, 88 S.W.3d 561, 565 (Tenn. Ct. App. 2002); *Rayner v. Tennessee Dep't of Correction*, No. M2017-00223-COA-R3-CV, 2017 WL 2984269, at *3 (Tenn. Ct. App. July 13, 2017). Therefore, to the extent that Petitioner is requesting this Court to address the validity of his sentence entered by the Criminal Court, we do not have jurisdiction in this declaratory judgment proceeding to do so.

The issue before this Court is whether TDOC had properly calculated Petitioner's sentence in compliance with the Criminal Court's judgment. Petitioner attached to his complaint a copy of the Criminal Court's third amended judgment, which provided that Petitioner was to receive pretrial jail credits for only one of his consecutive sentences. There is no evidence in the record demonstrating that this judgment had been modified or was otherwise determined to be invalid by the Criminal Court or the Tennessee Court of Criminal Appeals. For purposes of this appeal, we must presume that the Criminal Court's third amended judgment is valid. *See Sledge*, 2017 WL 4331038, at *3.

If an inmate has reason to believe his or her sentence has been calculated incorrectly, a declaratory action may be filed to seek judicial review of TDOC's calculation of his or her sentence under the Uniform Administrative Procedures Act, Tennessee Code Annotated §§ 4-5-101 *et seq.*, following a request for declaratory relief and denial of such relief from TDOC. *See Bonner v. Tennessee Dep't of Correction*, 84 S.W.3d 576, 583 (Tenn. Ct. App. 2001). Tennessee Code Annotated § 40-23-101(c) (2018) provides that a defendant shall receive credit for the period of time he or she spends incarcerated prior to trial and sentencing. The criminal court, not TDOC, is responsible for awarding a defendant pretrial credits pursuant to statute, and TDOC "may not alter the judgment of a court, even if that judgment is illegal." *See State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978), *superseded by rule on other grounds as stated in State v. Brown*, 479 S.W.3d 200, 209 (Tenn. 2015); *see also Sledge v. Tennessee Dep't of Correction*, 2017 WL 4331038, at *4. TDOC is required to calculate an inmate's sentence based on the sentencing court's judgment and in accordance with applicable sentencing statutes. *See Bonner*, 84 S.W.3d at 581-82.

On appeal, Petitioner does not take issue with any calculation of his sentence by TDOC except for its failure to apply the pretrial jail credits from the November 2016 second amended judgment instead of the August 2017 third amended judgment. He does not argue that TDOC failed to comply with the third amended judgment but argues instead that TDOC should comply with the second amended judgment because the third amended judgment was illegal and unenforceable. The Criminal Court entered the third amended judgment in August 2017, modifying Petitioner's sentence to clarify that he was not to

receive pretrial jail credits twice and that they should only be applied to one consecutive sentence. *See State v. Smith*, No. M2015-01616-CCA-R3-CD, 2016 WL 721526, at *2 (Tenn. Crim. App. Feb. 24, 2016) ("A defendant incarcerated prior to trial who receives consecutive sentences is only allowed pre-trial jail credits to be applied toward the first sentence if he was held in lieu of bond on more than one charge at the same time."). Based on the Criminal Court's third amended judgment, TDOC calculated Petitioner's sentence without including pretrial credits for the aggravated sexual battery sentence. We find and hold, as did the Trial Court, that TDOC had calculated Petitioner's sentence correctly by applying Petitioner's pretrial credit to only the initial sentence in compliance with the Criminal Court's most recent amended judgment. We, therefore, affirm the Trial Court's dismissal of Petitioner's declaratory judgment action.

Petitioner further argues on appeal that the Trial Court erred by failing to conduct a hearing to address Petitioner's motion for discovery. The Trial Court, however, found that the motion was moot following dismissal of the declaratory judgment action. We agree. In his motion for discovery, Petitioner requested several documents that were relative to the criminal court proceedings. In his argument concerning the relevance of each document, Petitioner essentially argues that these documents are relevant to the legality of the Criminal Court's third amended judgment. Due to the dismissal of Petitioner's action and this Court's inability to address the validity of a criminal sentence in a declaratory judgment action, we also find that Petitioner's issue concerning his motion for discovery is moot.

## Conclusion

The judgment of the Trial Court dismissing Petitioner's complaint for declaratory judgment is affirmed in all respects. This cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellant, Allen C. Bond.

s/ D. Michael Swiney_____
D. MICHAEL SWINEY, CHIEF JUDGE