IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 1, 2022

## ANDRE ANTHONY v. TONY PARKER ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 19-716-I      Patricia Head Moskal, Chancellor**

_____

### No. M2021-00753-COA-R3-CV
_____

Andre Anthony ("Petitioner") appeals the ruling of the Chancery Court for Davidson County (the "trial court"), dismissing his petition filed pursuant to the Uniform Administrative Procedures Act ("UAPA"). We conclude that this Court lacks jurisdiction and dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and W. NEAL MCBRAYER, J., joined.

Andre Anthony, Hartsville, Tennessee, Pro se.

Herbert H. Slatery III, Attorney General & Reporter, and Kristen J. Walker, Assistant Attorney General for the appellees, Tennessee Department of Correction and Commissioner.

### MEMORANDUM OPINION[1]

In 2002, Petitioner was convicted of attempted first degree murder, case number 00160, and especially aggravated robbery, case number 00161, by the Shelby County

---

[1] Rule 10 of the Tennessee Court of Appeals Rules provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Criminal Court (the "criminal court"). Petitioner was sentenced to twenty-four years for attempted first degree murder and twenty-two years for the especially aggravated robbery. The sentences were to be served consecutively, for a total effective sentence of forty-six years. On both judgments, the original criminal court judge noted that Petitioner had 982 days of pretrial jail credit. Accordingly, in his dealings with the Tennessee Department of Correction ("TDOC"), Petitioner took the position that he was entitled to 982 pretrial jail credits for both sentences. TDOC disputed this, claiming that pretrial jail credits could not be duplicated on a consecutive sentence.

On June 13, 2019, Petitioner filed a declaratory judgment action in the trial court pursuant to the UAPA, *see* Tenn. Code Ann. § 4-5-101 et seq., naming TDOC and its commissioner, Tony Parker, as respondents. Petitioner claimed that he was entitled to another 982 days of pretrial jail credit because the criminal court noted the credits on both judgments.

On July 29, 2020, the criminal court entered amended judgments for case numbers 00160 and 00161. The amended judgments reflect that Petitioner had 982 pretrial jail credits applicable to case number 00160, and reflected no applicable credits for case number 00161. The amended judgment also provided that "[i]t is not the intent of the court for duplication of Jail Credit to be applied to consecutive sentences." Accordingly, the respondents filed a motion for summary judgment in the trial court on January 19, 2021, arguing that "[t]he corrected orders show case number [161] as consecutive to case number [160] and do not provide pretrial jail credit in case number [161]. TDOC has calculated [Petitioner's] sentences, with no pretrial jail or pretrial behavior credit in case number [161], pursuant to the corrected order."

The trial court granted respondents' motion on May 28, 2021. The trial court found that TDOC had applied Petitioner's pretrial jail credits correctly pursuant to the amended judgments. While Petitioner argued that the criminal court erred in amending the judgment at all because it was a different judge and because Petitioner allegedly did not receive notice of the amended judgments, the trial court explained that neither it nor TDOC had authority to address the validity of a criminal court judgment. Petitioner's declaratory judgment action was therefore dismissed, and he appealed to this Court.

Although his argument is somewhat difficult to discern, on appeal, Petitioner primarily takes issue with the amended criminal court judgments entered in 2020. Specifically, Petitioner avers:

On the Original Judgment Order dated May 2, 2002 trial Judge Chris Craft applied 982 days pretrial credits to each of his judgments for cases nos. 0000157 thru 0000161 according to T.C.A. 40-23-101(c) [sic] statue, that mandatory pretrial jail credits "SHALL" be applied to sentences arises from the same conviction out of the original offense for which he was tried. [See

Sentencing Hearing Transcript dated May 2, 2002 Div[.] 8 Exhibit Vol. II, 264-277, that shows appellant was sentence for case nos[.] 0000157-0000161 the same date May 2, 2002]. On July 29, 2020 a corrected order was done by Judge Glen Wright who is not the sentencing judge corrected judgment order deleting pretrial jail credits from case no 0000161. [See Corrected Judgment Order Exhibit Vol. II, 281 and 285]. On July 29, 2020 a corrected judgment order was done by a judge not of the trial sentencing court that deleted pretrial jail credits from case no. 0000161 which clearly is not what [sic] Statue T.C.A 40-23-101(c) state or Tenn. Rule [Cr]im. P[.] 36. The record in the case must show that the judgment entered omitted a portion of the judgment of the court or that the judgment was erroneously entered. The most reliable indicator that clerical error was made is the sentencing transcript of the hearing or others papers filed in connection with the proceedings which show the judgment was not correctly entered. In the absence of supporting facts from Judge Glen Wright Div[.] 2 courtroom of any papers being filed or presented in the record showing a reason for a corrected or amended judgment. A judgment may not be corrected or amended under the clerical error rule after it has become final. Appellant Original judgment order was entered May 2, 2002 by Sentencing Trial Judge Chris Craft. [See State v[.] Davis, No. [E]2000-02879-CCA-CD, 2002 Tenn. Grim. App. LEXIS 161, 2002 WL340597.]

In his brief, Petitioner makes no argument as to why the trial court erred in granting the respondents' motion for summary judgment, nor does Petitioner claim that TDOC's sentence calculation deviates from the amended criminal court judgments. Rather, Petitioner takes issue with the fact that an amended judgment was entered by the criminal court at all. Under these circumstances, this Court lacks jurisdiction to consider this appeal.

We addressed a similar situation in *Bond v. Tenn. Dep't of Correction*, No. M2019-02299-COA-R3-CV, 2021 WL 1200091 (Tenn. Ct. App. Mar. 30, 2021). In that case, an inmate filed a petition for declaratory judgment in the Chancery Court for Davidson County, challenging the calculation of his sentence and TDOC's application of his pretrial jail credits. Like the case at bar, in *Bond* the original sentencing court had entered an amended judgment, and the petitioner "essentially argued that the November 2016 order had become final and that the Criminal Court had lost jurisdiction with no power to amend its judgment." *Id.* at *1. The trial court eventually dismissed the petition, and we affirmed on appeal, explaining that any challenges to the judgment itself could only be addressed by the Court of Criminal Appeals:

> Petitioner raises issues on appeal concerning whether the Criminal Court's third amended judgment entered in August 2017 was legal and enforceable. This Court does not have jurisdiction in this declaratory judgment proceeding to alter the Criminal Court's judgment or

make any determination concerning the illegality or validity of the Criminal Court's judgment. *See Sledge v. Tennessee Dep't of Correction*, No. M2016-01664-COA-R3-CV, 2017 WL 4331038, *2 (Tenn. Ct. App. Sept. 28, 2017) (determining that issues concerning the validity of a criminal court's judgment were not within the scope of this Court's review).

As in this case, a defendant in *Sledge v. Tennessee Dep't of Correction*, 2017 WL 4331038, at *1, had filed an action seeking declaratory judgment in the chancery court, and the criminal court amended its judgment to modify the amount of pretrial credits to which the defendant was entitled. This Court held during the appeal in that case that "any argument as to the validity of the corrected [criminal court] order should be addressed to the Court of Criminal Appeals." *Sledge v. Tennessee Dep't of Correction*, 2017 WL 4331038, at *2 (citing Tenn. Code Ann. § 16-5-108; *Slagle v. Reynolds*, 845 S.W.2d 167, 169 (Tenn. 1992)). Declaratory judgment proceedings, filed pursuant to the Uniform Administrative Procedures Act, cannot be used by a defendant to challenge the validity of his or her criminal conviction or sentence. *Mitchell v. Campbell*, 88 S.W.3d 561, 565 (Tenn. Ct. App. 2002); *Rayner v. Tennessee Dep't of Correction*, No. M2017-00223-COA-R3-CV, 2017 WL 2984269, at *3 (Tenn. Ct. App. July 13, 2017). Therefore, to the extent that Petitioner is requesting this Court to address the validity of his sentence entered by the Criminal Court, we do not have jurisdiction in this declaratory judgment proceeding to do so.

*Bond*, 2021 WL 1200091, at *4–5.

Accordingly, we concluded in *Bond* that while the trial court had jurisdiction to consider whether TDOC properly applied the petitioner's sentence according to the criminal court judgment, neither the trial court nor this Court had jurisdiction to review the underlying criminal court judgment itself.

The same is true here. While inmates may challenge TDOC's calculation of a sentence pursuant to the UAPA, Petitioner has not argued that TDOC miscalculated his sentence pursuant to the underlying judgment. Rather, Petitioner takes issue with the fact that an amended judgment was entered at all, insofar as the judge who signed the amended judgment was not the original sentencing judge, and because Petitioner claims to have received no notice regarding an amended judgment.

Based on these arguments, Petitioner asks this Court to review the validity of the sentence entered by the criminal court. As we did in *Bond*, we conclude that we lack jurisdiction to undertake such a review and that Petitioner's arguments must be directed to the Court of Criminal Appeals. In fact, Petitioner filed an appeal to the Court of Criminal Appeals regarding the amended judgments, and that case has been decided. *See State v.*

*Anthony*, No. W2021-00668-CCA-R3-CD, 2022 WL 2826852, at *2 (Tenn. Crim. App. July 20, 2022) (explaining that "[i]f the award of duplicate pretrial jail credits on a judgment of conviction for a consecutive sentence is a clerical error and the judgment has become final, the trial court may enter a corrected judgment").

Because this Court lacks jurisdiction to consider Petitioner's appeal, it must be dismissed. Costs of this appeal are assessed to the appellant, Andre Anthony.


_____
KRISTI M. DAVIS, JUDGE